WESTERN UNION TELEGRAPH COMPANY v. W. S. CARTER.

No. 16.

1. Telegraph Message—Notice from its Terms.—A telegram, "Smithville, 9-4, 1889. To W. S. Carter, Taylor: N. B. Gorsuch is dead. Answer. F. S. Faust." was not promptly delivered. M. E. Carter was wife of W. S. Carter, and daughter of the deceased Gorsuch. Action for damages by W. S. Carter against the telegraph company. *Held,* that the defendant company is not chargeable with notice, from the terms of the dispatch, of the fact that M. E. Carter was wife of W. S. Carter, or daughter of the deceased Gorsuch.

**2. Case Overruled.** — Telegraph Company v. Brown, 71 Texas, 723, overruled, in so far as it asserts the proposition that it is necessary that a telegraph message must disclose the relationship of the persons named in it.

**3. Notice by Terms of Telegram.**—The message directed to W. S. Carter, " N. B. Gorsuch is dead. Answer. F. S. Faust," notified the company (that is, it was chargeable with notice) that Gorsuch was dead, that Carter was in all probability a near relative, with a serious interest in the intelligence communicated, and in all probability, upon the receipt of the message, would set out at once to attend the funeral and to care for the remains. The probable purpose of adding the word answer, was to learn whether or not the message was delivered, and whether the party addressed would be able to arrive in time to attend the burial, or to direct it.

**4. General Rule as to Notice by Terms of Telegram.** — The telegraph company is chargeable with notice of the relationship that exists, if any, between all the parties named in the message, and with notice of such purposes as may reasonably be inferred from the language used in connection with the subject matter of the communication, taking into consideration the usual manner of expressing messages sent by this means.

**5. Probable Consequences.**—From the dispatch set out above, it could not be regarded as in contemplation of the parties as proximately the result of its breach that the body of Gorsuch would be buried at an unsuitable place, and that a reinterment would be necessary. The expenses of such reinterment can not be included in damages from nondelivery of the dispatch; nor could mental anguish of the wife from the mode and place of burial, and the necessity of reinterment, be considered as probably resulting from the breach of duty on part of the telegraph campany.

**6. Measure of Damages.**—The plaintiff W. F. Carter is entitled to recover the price paid for sending the message and costs of trial court.

Error to Court of Civil Appeals, Third District, in a case on appeal from Williamson County. Tried below before Hon. W. M. Key.

The opinion gives a statement.

*Walton, Hill & Walton,* for plaintiff in error.——As will be seen from the conclusions of law made by the district judge, the court held, that if the case of Telegraph Company v. Brown, 71 Texas, 723, was the law, judgment should be for the defendant; but considering that case overruled by the case of Telegraph Company v. Moore, just then decided, judgment was rendered for plaintiff. The case of Telegraph Company v. Kirkpatrick, 76 Texas, 217, was decided in quick succession, and as we then thought, and still believe, left no room to doubt that this case should be reversed.

Indeed, it would be difficult to find two cases more alike than this and the Kirkpatrick case. In that case the message was:

" *C. E. Kirkpatrick, Highland Station:*

" Come on first train; bring Ferdinand; his father is very low.

" Jerry Lordan."

In this case the message is:

" *W. S. Carter, Taylor, Texas:*

" N. B. Gorsuch is dead.    Answer.

" F. S. FAUST."

Ferdinand's father was C. S. Kirkpatrick's wife's father.    N. B. Gorsuch was W. S. Carter's wife's father.

In both cases the company had no notice except terms of the message. Both Kirkpatrick and Carter sued for damages caused by mental anguish of their respective wives on account of failure of one to get to her dying parent and the other to get to her deceased parent.    This court held that Kirkpatrick could not recover, because the rule announced in Telegraph Company v. Adams, 75 Texas, 531;  Telegraph Company v. Feegles, 75 Texas, 537;  and Telegraph Company v. Moore, 76 Texas, 66, did not apply to his case.    And why?

Let us answer by quoting from the opinion of Justice Gaines: " There is nothing upon the face of the message under consideration to apprise the company either that plaintiff had a wife, or that she was at Highland Station, or that the object of the communication was to afford information upon which she was expected to act."

Now let us change the words " Highland Station " to " Taylor," and we submit that the enunciation of the law fits one case as well as the other.

Yet, while Kirkpatrick could not recover, the Court of Civil Appeals announces that this court's decisions constrain it to permit Carter to recover, although the Court of Civil Appeals think he ought not.

We endeavored to point out to the court in our motion for a rehearing that the cases by which it felt constrained were unlike this; that in each of them the person on account of whose mental anguish recovery was had was named in the message.    That this court had itself, in the decision in the Kirkpatrick case, construed those cases, saying, that in those cases " we held that in telegraph messages conveying information of sickness and death, if the language was sufficient to suggest that a near relationship existed between the person mentioned in the message and the person addressed, and that the object of the communication was to afford the latter the opportunity of going to his relative, that it would be sufficient without further notice," etc.; and that this court had announced in said decision, that " it was not the purpose of the court in the cases cited to depart from the ruling, that in these actions only such damages are recoverable as were in the contemplation of the parties at the time the contract was made."

We believe there are but three cases where persons not named in the message were permitted to recover; of these the first is the case of Telegraph Company v. Broesche, 72 Texas, 657.    But there, the beneficiary interest in and contractural relation of Broesche to the message was dis-

closed to the company at the time the message was filed for transmission, and he in person paid the tolls on it

This distinction is clearly pointed out by this court in comment on said case in Elliott v. Telegraph Company, 75 Texas, 18. The others are Telegraph Company v. Erwin, 19 Southwestern Reporter, 1002, and Telegraph Company v. Stephens, 21 Southwestern Reporter, 148; but in both these there was actual notice of the kinship and purpose.

It seems too clear for argument, that the Court of Civil Appeals in this case has failed to see that this court, in the decisions which it cites as constraining it against its judgment to do violence to law and reason, had expressly limited the constructive notice of relationship, etc., to the relationship of the person addressed and the sick or dead person named; and that in its decision in this case it went further than this court or any other had ever gone, in that it makes a message serve as notice to the company handling it of the relationship and desires of not only the addressee, but of his wife and "his sisters and his cousins and his aunts." If this were the rule, it would be difficult to estimate the number of actions which could be brought for negligence in such a case. We respectfully submit that the writ of error ought to issue, to the end that the Court of Civil Appeals be freed from the misconception by which it feels constrained to decide against its better judgment, and that justice and law may be administered in this case under the plain ruling and precedents of this court.

*W. F. Robertson,* for appellant in error.—To pursue to its legitimate conclusion the reasoning adopted by this court in each of the following named cases, means that the language used in the telegram under consideration was sufficient to put the telegraph company upon notice of the relationship of said parties, to-wit:   Tel. Co. v. Bowen, 84 Texas, 476; Railway v. Loonie, 82 Texas, 323; Tel. Co. v. Nations, 82 Texas, 539; Potts v. Tel. Co., 82 Texas, 545; Tel. Co. v. Rosentreter, 80 Texas, 406; Tel. Co. v. Broesche, 72 Texas, 654; Tel. Co. v. Edsall, 74 Texas, 329; Tel. Co. v. Adams, 75 Texas, 531; Tel. Co. v. Feegles, 75 Texas, 537; Tel. Co. v. Moore, 76 Texas, 66.

BROWN, ASSOCIATE JUSTICE.—This case was tried before the judge without a jury, and findings of fact filed, which were adopted by the Court of Civil Appeals, and, so far as applicable to the questions involved here, are: That the telegraph company had offices and operators at Taylor and Smithville, about fifty miles apart.   W. S. Carter lived at Taylor; his wife M. E. Carter was the daughter of N. B. Gorsuch, who died near Smithville on the 4th day of September, 1889.   About 6 o'clock of that day F. S. Faust delivered to the operator at Smithville the following message:

"SMITHVILLE, 9—4, 1889.

"*To W. S. Carter, Taylor:*

"N. B. Gorsuch is dead.   Answer.

"F. S. FAUST."

This message was not delivered to Carter until 11:55 a. m. of the next day.   If it had been delivered with reasonable promptness W. S. Carter and M. E. Carter could have reached the place where the remains were before the burial.   They set out as soon as possible after receiving the message, but reached the place after the body had been buried.   The body was buried in the clothes that deceased wore at the time of his death, in an unenclosed lot.   W. S. Carter had the body disinterred and removed to another place, at an extra cost of $20.   The operator at Smithville who received the message did not know the relationship between Carter and deceased, nor that Carter had a wife.   About an hour after the message was transmitted he was informed that Carter was the son-in-law of deceased.   The operator at Taylor did not know the facts until after the message was delivered.

The District Court gave judgment for the plaintiff Carter for 25 cents paid for the transmitting of the message, and costs of court, and for the sum of $20 expenses incurred by him in exhuming and removing the body.   Also for $1000 for the mental suffering caused to M. E. Carter by reason of the failure to reach the place before the body was buried, and on account of the place and manner of the burial of her father.   The Court of Civil Appeals affirmed the judgment of the District Court, and a writ of error was granted to the Court of Civil Appeals by this court.

The plaintiff in error presents this assignment of error for our consideration:   "The court erred in its conclusions of law, that defendant is chargeable with notice, or is affected with notice, by the terms of the message, of the relationship of either W. S. Carter (who is named) or M. E. Carter (who is not named in the message) to N. B. Gorsuch, or of any other purpose or object of said message than to advise W. S. Carter of Gorsuch's death and to obtain an answer."

As to M. E. Carter, the objection is well taken.   She is neither mentioned in the message, nor was there any actual notice of her relationship to deceased.   Tel. Co. v. Kirkpatrick, 76 Texas, 217; Elliott v. Tel. Co., 75 Texas, 18.   The facts of this case are as nearly identical with Telegraph Company v. Kirkpatrick as it is possible to make two cases with different names and dates.   Plaintiffs had no right to recover against the defendant the Telegraph Company for the damages alleged to have occurred to Mrs. Carter, and the judgment of the court was therefore erroneous and must be reversed.

As to W. S. Carter, the objections presented in this assignment are not well taken.   The only case decided by this court that will support the

proposition made is that of Telegraph Company v. Brown, 71 Texas, 723, which has been practically overruled by all succeeding cases involving the same points.   That no doubt may hereafter exist, we here expressly overrule that case in so far as it asserts the proposition that it is necessary that a message must disclose the relationship of the persons named in it.  Since the case of Telegraph Company v. Brown, the cases decided in this court have held contrary to the contention of the plaintiff in error.

In the cases of Telegraph Company v. Adams, 75 Texas, 531; Telegraph Company v. Feegles. 75 Texas, 537; Telegraph Company v. Moore, 76 Texas, 66; Potts v. Telegraph Company, 82 Texas, 545; and Telegraph Company v. Jones, 81 Texas, 271, the messages conveyed information of serious illness of a person named.

In the following cases the information conveyed by the messages related to the death of the party named:   Telegraph Company v. Broesche, 72 Texas, 654; Telegraph Company v. Rosentreter, 80 Texas, 406; and Telegraph Company v. Nations, 82 Texas, 539.   In the foregoing cases the same questions arose as are here presented, and this court held in each that the telegraph company was chargeable with notice of the relationship that existed between the parties named in the message and of the purposes for which the communication was sent.   In the case of Telegraph Company v. Broesche, the name of the plaintiff did not appear connected with the message, but the operator who received it knew that it was sent for him, and the company was held bound upon such actual notice, the same as if plaintiff had signed it.

In the case of Telegraph Company v. Adams, Justice Henry, delivering the opinion of the court, said, in reference to objections similar to these: " The rule insisted upon by the appellant is too restricted to be applied to communications sent by the electric telegraph."   And again in the same opinion he says:   " When such communications relate to sickness and death, there accompanies them a common-sense suggestion that they are of importance, and that the persons addressed have in them a serious interest."   And again the same judge, in that case, with much force announces the following eminently just and correct proposition for the government of such companies:   " When the general nature of the communication is plainly disclosed by its terms, instead of requiring the sender to communicate to the unwilling ears of the busy operator the relationship of the parties concerned, a more reasonable rule will be, when the receiver of the dispatch desires further information about such matter, for him to obtain it from the sender, and if he does not do so, to charge his principal with the information that inquiries would have developed."

In Telegraph Company v. Moore, supra, Justice Gaines, delivering the opinion of the court, said:   " We are of opinion that tested by the rules announced in the cases cited, the message under consideration was sufficient to reasonably apprise the defendant of the consequences of its failure

to deliver the message according to contract. The conclusion to be drawn from the language of the message is, that a near relationship existed between the person mentioned in the message and the person to whom it was addressed, and that upon its receipt the latter would probably set out at once to attend his relation in his extremity. Such being the case, it would be unreasonable to hold that the company, upon the receipt of the message, should not have contemplated the consequences which were likely to result to plaintiff from a failure to transmit it with diligence and dispatch."

In the case now before the court, the message was addressed to W. S. Carter, and notified the company that Gorsuch was dead; that Carter was in all probability a near relative with " a serious interest " in the intelligence communicated, and in all probability upon the receipt of the message would set out at once to attend the funeral and to care for the remains. The probable purpose of adding the word " answer " was to learn whether or not the message was delivered, and whether or not the party addressed would be able to arrive in time to attend the burial or to direct it.

From the rules laid down in the foregoing decisions of this court, this plain and just rule may be deduced: The telegraph company is chargeable with notice of the relationship that exists, if any, between all parties named in the message, and with notice of such purposes as may be reasonably inferred from the language used, in connection with the subject matter of the communication, taking into consideration the usual manner of expressing messages sent by this means.

The plaintiff in error presents also the following assignment of error: " The court erred in rendering judgment for the plaintiffs beyond 25 cents, the cost of the message, and of this suit, because the facts in evidence show that the damages awarded plaintiffs over and above the cost of the message are not such as could or will be deemed to have been in contemplation of the defendant at the time of entering into the contract as probable consequences of the breach complained of." This objection is well taken to the judgment, on two grounds.

First. The $20 adjudged to plaintiffs for the extra expense of exhuming the body and removing it to a different place can not by any stretch of imagination be regarded as proximately the result of the failure to deliver the message in due time. It could not have been foreseen that if the message were not delivered promptly, or if not delivered at all, the persons in charge of the remains would inter it in a place that would not be satisfactory to Carter, nor could it have been known that in such event Carter would desire to disinter and remove the body.

Second. In determining the amount of the damages to Mrs. Carter on account of the grief caused to her. the court says, in its finding of facts, that " in addition to the sorrow and grief that Mrs. Carter necessarily

suffered because of the death of her father, her failure to reach Smithville in time to attend the funeral and pay the last sad tribute due from the living child to the dead parent, and the manner and place of his burial, caused her to suffer further mental pain and anguish to her actual damages $1000." Some part of the $1000 was given for the anguish caused by "the manner and place of the burial." How much we can not tell, but it is unquestionable that the anguish caused by this fact of "place and manner" of burial was not an element of damages proper to be considered by the court. How could it be said that the burial in an unsatisfactory place, or in clothing unsuitable, were the probable results of the failure to deliver the message, or that such a thing could or was contemplated by the parties as a consequence of such failure?

Plaintiff W. S. Carter was entitled to recover from the telegraph company the price paid for transmitting the message, and the costs of the District Court, but he was not entitled to recover the other amounts; and the judgments of the District Court and the Court of Civil Appeals are reversed, and judgment is here rendered for W. S. Carter against the Western Union Telegraph Company for the sum of 25 cents and all costs of the District Court, and in favor of the Western Union Telegraph Company against W. S. Carter for all costs of the Court of Civil Appeals and of this court.

*Reversed and rendered.*

Delivered June 22, 1893.