Western Union Telegraph Company v. Matt Gahan.

Delivered December 18, 1897.

**1. Telegraph Company—Evidence of Negligence in Delivery of Message.**

A statement made by the sender of a telegram to the agent at the place of transmission, after being informed that the addressee could not be found at the place of delivery, that it had been some time since the latter's people had heard from him, and that he was probably not at the place to which the message was sent, is not admissible in an action for delay in delivering the message, to show that defendant was not expected to make any further effort to deliver the message, where such statement was directly contradicted by the testimony of the addressee that he communicated frequently with his folks, and it was not communicated to the agent at the place of delivery, and the agent to whom it was made did not act thereon.

**2. Same—Burden of Proof.**

In an action for failure to deliver a message sent for the addressee's benefit, the defendant telegraph company has the burden of showing that its failure to make further efforts to find him was on account of statements made by the sender to the agent at the sending office, and that it acted upon such statements.

**3. Same—Petition Held Sufficient.**

A petition against a telegraph company alleging that plaintiff's father was very sick, that if the telegram sent to plaintiff, so stating, had been delivered with reasonable promptness, plaintiff might have been present with his father in his last hours and attended his funeral, but that by the gross negligence of defendant the death and burial took place without plaintiff's knowledge, and that he had suffered great pain and mental anguish and distress from such negligence, with prayer for damages, is sufficient on general demurrer to authorize a recovery for depriving plaintiff of the privilege of being present at his father's death and burial.

**4. Same—Presumption that Message Is for Addressee's Benefit.**

The presumption that a telegram, stating that the addressee's father is very sick and would like to see him, was sent for the benefit of the addressee, is not overcome by evidence that the father directed a telegram to be sent for him to come home, as he wanted to see him before he died, and did not think that he could live much longer.

APPEAL from Fannin. Tried below before Hon. E. D. McClellan.

*Wilkins & Vinson,* for appellant.—The court erred in refusing special charges 1 and 2 requested by defendant, in effect, that if the evidence showed that the message in question was sent at the request and for the benefit only of plaintiff's father, and that the sender of the message did so at the request only of plaintiff's father, the verdict should be for defendant. Railway v. Levy, 59 Texas, 566; Stuart v. Tel. Co., 66 Texas, 585; Tel. Co. v. Adams, 75 Texas, 535.

*Gross & Gross,* for appellee.—A message sent calling a person to the deathbed of a relative is not sent for the benefit only of the sender, but for the benefit of the addressee as well, and his rights are fixed by an acceptance under the contract, without having previously constituted the sender his agent. Tel. Co. v. McKibben, 14 N. E. Rep., 898; Tel. Co. v. Clark, 38 S. W. Rep., 225; Tel. Co. v. Jones, 16 S. W. Rep., 1006; Martin v. Tel. Co., 20 S. W. Rep., 860.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee instituted this suit against appellant in the District Court of Fannin County, Texas, to recover damages for alleged negligence on the part of appellant in failing to transmit and deliver a telegraphic message filed with appellant at Fairfax, Iowa, on October 31, 1895, and addressed to appellee at Honey Grove, Texas, reading: "Your father is very sick; would like to see you. Answer. (Signed) J. G. Gahan." Appellee alleged that had the telegram been delivered with reasonable promptness appellee would have taken the next train for his father's home, and could have been with him for some time before his death and attended his funeral. That he was deprived of the privilege of being with his father during his last illness and administering to his wants. The petition alleged that plaintiff (appellee) had suffered great pain, mental anguish, and distress of mind by reason of the gross negligence and delay on the part of appellant in the delivery of said telegram, and prayed for damages in the sum of $1998.

Appellant answered by general denial and special pleas, not necessary to here set out. A trial was had with the aid of a jury, and resulted in a verdict and judgment in favor of appellee for $400. Appellant's motion for new trial being overruled, it executed bond and has appealed.

*Opinion.*—The appellant's first assignment of error complains of the ruling of the court in excluding part of the deposition of F. F. Benedict as to the statements made to him by J. G. Gahan, the sender of the mes-

sage. F. F. Benedict was the agent of appellant at Fairfax, Iowa, and received the message from J. G. Gahan on October 31, 1895. He received the message from J. G. Gahan at 8:25 a. m. on said day, and transmitted it to Honey Grove, Texas, where it was received at 9:27 a. m. on same day. At 3:30 p. m. of said day, said Benedict received a message from the operator at Honey Grove, Texas, to the effect that the message to Gahan had not been delivered, and that the person to whom the message was addressed could not be found. Benedict then hunted up the sender, J. G. Gahan, to get a better address. J. G. Gahan went to the house of Murtha Gahan, came back in about fifteen minutes, and said that Murtha Gahan's folks could not give a better address; that the last time they heard from Matt he was going to Honey Grove to work in a cotton gin. Benedict then returned to the office and sent a message to the operator at Honey Grove to try at the cotton gin for Matt Gahan. On the next day, November 1, 1895, at 10:58 a. m., Benedict received a second message, to the effect that Matt Gahan was not at the cotton gin, and the message to him was undelivered. When Benedict received this message he took it to J. G. Gahan and showed it to him, whereupon said J. G. Gahan remarked, "that it had been sometime since the folks had heard from Matt, and in all probability he was not at Honey Grove; that the last the folks had heard from Matt he was not at Honey Grove, and said Gahan said that he did not know that anything further could be done." These statements were objected to as irrelevant, immaterial, and hearsay, and that the statement was not communicated to defendant's agent at Honey Grove. The exceptions were sustained and the evidence excluded.

Appellant contends that this is a material statement by the sender of the message, and that this evidence tended to show that appellee did not communicate with his folks as he had testified he did, and that there was not that degree of affection and constant communication between him and his father which appellee's testimony showed existed.

Statements made by the sender of a message such a length of time after the message was sent, as to the frequency of communications between the addressee, for whose benefit the message is sent, and the addressee's father, who was then on his dying bed, are purely hearsay, and are inadmissible to contradict the positive testimony of the addressee. The evidence does not show that J. G. Gahan, the sender, was such an agent of the addressee as that his statements made after the message had been delivered to the company and transmitted by it to its destination could be introduced in evidence. Tel. Co. v. McKibben, 14 N. E. Rep., 898, 899.

But it is contended that the testimony was admissible to show that the appellant was not expected to make any further effort to deliver the message. The statement was not communicated to appellant's agent at Honey Grove; nor is there any evidence in the record that appellant's agent acted upon the statement. The burden was upon appellant to show that the statement was acted upon by it. Nor do we think that the statements were such as would have relieved appellant, had it acted upon

them. When J. G. Gahan made the remarks he was ignorant of the fact that Matt Gahan was in truth at Honey Grove. He had a right to presume if Matt was at Honey Grove the message would have been delivered. Matt was in fact at Honey Grove. Not only was the statement made in ignorance of the facts, but appellant's agents were responsible for the sender's want of knowledge of the facts. The court did not err in excluding the testimony. McKibben case, supra.

Appellant's second assignment of error complains of the charge of the court in defining the terms "care" and "diligence," and contends that the charge imposed upon the telegraph company a higher degree of care in its efforts to deliver the message than is required by law, that is, the use of reasonable care and diligence.

We have carefully examined the charge of the court below, and do not think it subject to the criticism made in appellant's second assignment of error. The charge, considered as a whole, is a clear and fair statement of the law of the case.

Appellant's third assignment complains of that part of the charge referring to the recovery of damages by plaintiff on account of his being deprived of the privilege of being present at the death and burial of his father, because the plaintiff did not claim any such damages in his petition. The petition did allege that if said telegram had been delivered with reasonable promptness, plaintiff could and would have had the consolation of being with his father in his last hours. That had said telegram been so delivered, plaintiff would have taken the next train for his father's home; and would have been with him for some time before his death and attended his funeral; but that for the reason of gross negligence on the part of defendant, the death and burial of his father took place without his knowledge. That plaintiff had suffered great pain and mental anguish and distress of mind because of the gross negligence and delay in delivering said telegram, and asked damages in the sum of $1998. The allegations were sufficient upon a general demurrer to authorize a recovery of damages for the denial to plaintiff of the privilege of being present at the death and burial of his father, and if supported by evidence, authorized a charge thereon. There was evidence to support the allegations, and it was not error to submit the charge.

The fourth assignment of error is: "The court erred in refusing special charges 1 and 2 requested by defendant, in effect, that if the evidence showed that the message in question was sent at the request and for the benefit *only* of plaintiff's father, and that the sender of the message did so at the request *only* of plaintiff's father, the verdict should be for defendant."

The message read: "Oct. 31, '95. Matt Gahan, Honey Grove, Texas: Your father is very sick, would like to see you. Answer. J. G. Gahan." As stated in the case of Telegraph Company v. Hale, 11 Texas Civil Appeals, 81, the message upon its face indicated that it was intended for the benefit of the addressee. But appellant claims that the statements made by the father to the sender of the message just prior to the sending of

the telegram overcame this presumption, and show that the message was sent for the benefit of the father only. The statements were, "Send telegram to Matt to come home. I want to see him before I die. Do not think I can live much longer."

This evidence shows the strong affection existing between the father and son. It does not in any way overcome the presumption arising from the face of the telegram, that it was sent for the benefit of the addressee. The reasonable deduction to be drawn from the statements is, that the father, being conscious of the affectionate regard in which he was held by his son, knew that his son would esteem it a privilege to be present during his last sickness and adminster to his wants.

Independent of these statements, there was proof that the feelings existing between plaintiff and his father were good. The appellee received the telegram on November 15, 1895. The court did not err in refusing the charges requested. Tel. Co. v. Hale, supra; Tel. Co. v. Adams, 75 Texas, 531.

The sixth assignment of error complains of the verdict as not being supported by the evidence. The principal controversy was as to whether appellant used reasonable care and diligence to find the addressee and deliver the message at Honey Grove. The evidence was conflicting. The jury have settled the conflict. There was evidence amply sufficient to support their verdict, and we find nothing in the record that would authorize us to disturb it.

The judgment is affirmed.

*Affirmed.*

Writ of error denied.