## MAXVILLE v. WESTERN UNION TELEGRAPH CO.

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1911. Rehearing Denied Nov. 8, 1911.)

TELEGRAPHS AND TELEPHONES (§ 68*)—DELAY—PERSONS ENTITLED TO DAMAGES—THIRD PERSON.

Plaintiff arranged with a hospital and with her mother for the shipment of her husband's body, in the event of his death, to a certain place, and a telegram sent by the hospital to plaintiff's mother, announcing the husband's death and fixing the place of burial, unless otherwise notified, was delayed; but it did not appear that the telegraph company knew of plaintiff's relationship to the deceased, or that the addressee was plaintiff's agent to receive the telegram, or of anything connecting plaintiff with it as a beneficiary. Held, that damages for mental suffering to plaintiff from its delay could not have been in contemplation of the parties to the contract, and plaintiff could not recover.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig. § 68.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Eudora Maxville against the Western Union Telegraph Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Jackson & Dickson, for appellant. Hume & Hume, for appellee.

JAMES, C. J. The action was for damages occasioned plaintiff by negligent delay in the delivery of the following message: "San Antonio, Texas, Nov. 9, '07. Mrs. Annie Mosley, 2412 McKinney Ave., Houston, Tex. Mr. M. Maxville died to-day at 10 a. m. Be buried to-morrow 9 a. m. county poor farm unless otherwise notified. Schirhart, Supt."

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Plaintiff alleged that Maxville was her husband; that she knew he would die of consumption, and had arranged with her mother, Annie Mosley, in Houston, and with the authorities of the county hospital in San Antonio, for the shipment of her husband's body to Houston, and according to the arrangements the above telegram was sent to Annie Mosley, who was plaintiff's agent for the purpose; that the message was not delivered until the following day, and after the hour named for the burial, in consequence of which her husband was buried in the county poor farm at San Antonio, causing her great mental suffering, etc.

Plaintiff substantially proved the facts alleged, and the court charged the jury to find for the defendant, stating that plaintiff had failed to make out her case under the law and the evidence. There was no proof that defendant had any information that the addressee was plaintiff's representative to receive the telegram. The trial judge was of opinion, evidently, that there being nothing in this telegram that informed defendant of such a consequence arising from the failure to promptly deliver same, as the damage sustained by plaintiff, and that as defendant had no such notice from the telegram, and no notice otherwise of her interest, it was not liable to her. Plaintiff was not the addressee of the message. There was nothing connecting her with it as a beneficiary, excepting the agency of the addressee, of which fact the defendant had no knowledge.

The case mainly relied on by appellant is that of Telegraph Co. v. Broesche, 72 Tex. 654, 10 S. W. 734, 13 Am. St. Rep. 843. That case, however, involved the agency of the sender. The opinion in that case might be taken to express a view favorable to appellant. This expression is somewhat weakened by the fact that the court based its decision also upon a finding that defendant was informed of the agency. The Supreme Court subsequently, in the case of Telegraph Co. v. Carter, 85 Tex. 580, 22 S. W. 961, 34 Am. St. Rep. 826, took occasion to say, in referring to what was decided in the Broesche Case, that plaintiff did not appear connected with the message, but the operator who received it knew that it was sent for him, and the company was held bound upon such actual notice. The court evidently was not prepared to fully approve of all that was said in the Broesche Case.

Appellant also cites the case of Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920. When the opinion in that case is considered in connection with the explanation of it in Telegraph Co. v. Kirkpatrick, 76 Tex. 217, 13 S. W. 70, 18 Am. St. Rep. 37, it is no precedent authorizing the recovery by plaintiff in the case before us. Here the message was to Mrs. Mosley. The defendant did not know of the relation existing between her and plaintiff in reference to the message—did not know of plaintiff's existence, nor that deceased had a wife. Therefore the damages sustained by the plaintiff cannot be said to have been in contemplation of the parties to the contract. The rule applicable to this case is stated in Telegraph Co. v. Gotcher, 93 Tex. 114, 53 S. W. 686, as follows: "The decisions have settled the proposition that a telegraph company is not responsible to a person not appearing on the face of a telegram, nor otherwise known to it to be a beneficiary of the contract, for damages for mental suffering resulting from the failure to deliver the message, and this for the reason that the company is not given the means of anticipating such suffering as a consequence of its negligence"—citing Telegraph Co. v. Carter, 85 Tex. 580, 22 S. W. 961, 34 Am. St. Rep. 826. See, also, Telegraph Co. v. Weniski, 84 Ark. 457, 106 S. W. 487, and Telegraph Co. v. Potts, 120 Tenn. 37, 113 S. W. 789, 19 L. R. A. (N. S.) 479, 127 Am. St. Rep. 991.

In the last-named case it was held, among other things, that while the undisclosed principal of both the sender and the addressee of a message cannot recover damages for mental anguish, she could recover such damages as the apparent sender could recover, the cost of the telegram. Such rule, however, would not render the judgment in this case erroneous. Treating Schirhart, the sender, as the agent of plaintiff, recovery of such element of damage does not appear to be asked by the petition; but, if the petition should be deemed sufficient to warrant recovery of the cost of the telegram, the testimony does not disclose what it was, and this matter is not referred to in the briefs.

We conclude that the judgment should be affirmed.