WESTERN UNION TELEGRAPH COMPANY v. TOM TUCKER.

No. 2499.   Decided April 18, 1917.

**1.—Telegraph—Death Message—Notice of Relationship.**

It is not necessary that a death message sent to obtain attendance of relatives at the funeral should itself give notice of the relationship of those parties. It was sufficient if it showed that their presence was desired, and that its language was such as to put the company on inquiry if it wished further information.   (P. 373.)

**2.—Same—Case Stated.**

A telegram, sent at the instance of a mother desiring attendance and comfort of her parents at the funeral of her child, was not delivered and thereby they failed to come. It was addressed to another relative, and was in words: "Tom Tucker's baby died today. If any one can come send telegram." Held that the message, by its terms, conveyed notice to the company: that it was to summon to the burial some one in close relationship to the sender and that interment would have been delayed to await arrival; that it was sufficient to put the company on inquiry as to the relationship and circumstances, if it desired further information; and that the suffering of damages consequent under such conditions should have been contemplated when delivery of the message was undertaken.  (Pp. 373, 374.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Mitchell County.

Tucker sued the telegraph company and recovered damages. On affirmance on defendant's appeal it obtained writ of error.

*N. L. Lindsley, Ed J. Hamner,* and *George T. Wilson (George H. Fearons* of counsel), for plaintiff in error.—Neither Jenkins nor his wife being named in the telegram, and there being absolutely nothing in the language of the telegram addressed to Dosier at Colorado, Texas, disclosing or tending to disclose that Jenkins and wife, who lived in the country and in another county distant from Colorado, were related to the baby who had died in Red River County, Texas, the language of the telegram was not notice to the defendant of any interest or relationship of J. E. Jenkins and his wife therein, and it was error for the court to submit that question to the jury. W. U. Tel. Co. v. Carter, 85 Texas, 580; W. U. Tel. Co. v. Linn, 87 Texas, 7; W. U. Tel. Co. v. Kuykendall, 99 Texas, 323; S. W. Tel. & T. Co. v. Gotcher, 93 Texas, 118; W. U. Tel. Co. v. Kirkpatrick, 76 Texas, 218.

Only such damage, if any, is recoverable in an action like this as may reasonably be presumed to have been in contemplation of the parties at the time of sending the telegram as a probable result of the failure to deliver the telegram, and it can not be said that damages arising from the failure of Jenkins and wife to attend the funeral of Edna Tucker was in contemplation of the defendant at the time the telegram was sent from Clarksville, Texas; it appearing that Edna Tucker did not die at Clarksville, Texas, but at another and different place, and it not appearing in plaintiff's petition that defendant had any notice of the place where the funeral would occur. W. U. Tel. Co. v. Ayres, 93 S. W., 199-200; W. U. Tel. Co. v. Kuykendall, 99 Texas, 323; Jackson v. W. U. Tel. Co., 137 S. W., 814-15; W. U. Tel. Co. v. Smith, 134 S. W., 734.

*W. P. Leslie* and *Royall G. Smith,* for defendant in error.—On sufficiency of language of message to put defendant on inquiry. Telegraph Co. v. Landry, 134 S. W., 848, 108 S. W., 461; Telegraph Co. v. Adams, 75 Texas, 531; Telegraph Co. v. Mellon (Tenn.), 33 S. W., 725.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was one for the recovery of damages suffered by Mr. Tucker's wife through the failure of her father and mother, Mr. and Mrs. Jenkins, to attend the funeral of her child, due to the telegraph company's neglect to deliver a telegram announcing the child's death.

Mr. and Mrs. Tucker lived near Clarksville. Mr. and Mrs. Jenkins lived near Colorado City. Following the child's death the Tuckers caused the following telegram to be delivered to the telegraph company at Clarksville, on August 16: "Sterling Dosier, Colorado, Texas: Tom Tucker's baby died today. If anyone can come, send telegram. (Signed) Sam Corley." Corley was a physician, acting for the Tuckers in sending the message, as he informed the telegraph company's agent at the time. Dosier lived in Colorado City and was accessible to the company. He was a relative both of the Tuckers and the Jenkins. The proof was that if he had duly received the message he would have at once communicated it to Mr. and Mrs. Jenkins, who would have immediately gone to Clarksville, where they would have arrived at 4:30 p. m. on August 17th; and upon receipt of any word that they were coming, the funeral would have been delayed until their arrival. The message was not delivered to Dosier at all.

With the telegraph company having distinct information that the message was sent for Mr. and Mrs. Tucker (Western U. Tel. Co. v. Broesche, 72 Texas, 654, 13 Am. St., 843, 10 S. W., 734), the message upon its face,—having regard to its nature and the known usual conduct in such cases,—very clearly gave notice to the company that its purpose was to immediately summon for the burial of the child someone in close relationship to the senders; that a reply from such person or persons as to whether they were coming was expected, and, if the reply was favorable, that the senders would reasonably postpone the burial until their arrival. Such would have been the natural consequences of such a message, if it had been delivered, and, therefore, should reasonably have been foreseen. Western U. Tel. Co. v. Swearingen, 97 Texas, 293, 104 Am. St., 878, 78 S. W., 491.

Under the proof, there can be no doubt that any inquiry by the company would have afforded it knowledge that the message was intended for Mr. and Mrs. Jenkins, and, accordingly, of their interest in it. It was not necessary that the message give the company distinct notice of their relationship to the child and Mr. and Mrs. Tucker. It was sufficient if its language was such as to put the company upon inquiry. Western U. Tel. Co. v. Adams, 75 Texas, 531, 6 L. R. A., 844, 16 Am. St., 920, 12 S. W., 857; Herring v. Western U. Tel. Co., 108 Texas, 77, 185 S. W., 293. That the message was intended to include someone other than, or in addition to, Dosier as the person whose presence at the burial was desired, is plain. It said: "If anyone can come, send telegram." This gave clear notice that there were those other than Dosier in close relationship to the senders whose coming was desired, and, upon the delivery of the message, might be expected. The impor-

tance of the message as to such persons was apparent. Their names were not disclosed, but with their interest thus made known, the ascertainment of their names would have been a natural inquiry. If the company had desired to know them, it should have made the inquiry. Had it been made, it could easily and readily have learned them.

The message in its language was not materially different from that in Western U. Tel. Co. v. Landry, 134 S. W., 848, in which a writ of error was refused, reported also in 108 S. W., 461. There the message was addressed by Mrs. Landry to her father, concerning the serious illness of her husband, who died. It read: "Gus very low. Send someone to me. Answer." It was held that the father and a brother of the sender were within the purview of the message, as the "someone" that the sender desired should come to her in her time of stress.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*