## WESTERN UNION TELEGRAPH CO. v. JOHNSON et al.

### No. 1666.

Court of Civil Appeals of Texas. Eastland.
April 23, 1937.

Rehearing Denied May 14, 1937.

William H. Flippen and John W. Miller, both of Dallas, for plaintiff in error.

Israel Smith and Warren McDonald, both of Tyler, for defendants in error.

GRISSOM, Justice.

Mrs. Jesse Johnson, joined pro forma by her husband, sued the Western Union Telegraph Company for damages resulting from mental anguish suffered by Mrs. Johnson from the negligent failure of said company to deliver the following telegram:
"To Jesse Johnson,
"Route One,
"Tyler, Texas.
"Mother Shults is dead body will arrive here tonight.
       "[Signed]   Tiff Covington."

Upon a jury verdict judgment was entered for Mrs. Johnson.

Mrs. Johnson was the daughter of the deceased referred to in the telegram as "Mother Shults." There was no extraneous notice to the defendant that the message was intended for the benefit of Mrs. Johnson, or that Mrs. Johnson was expected to come to the funeral, or even that Mrs. Johnson existed. The sole question to be deter-

mined is whether the terms of the message were sufficient to notify the defendant of Mrs. Johnson's beneficial interest therein, or put it upon inquiry thereof.

■ The general rule as to who is entitled to recover against a telegraph company for mental anguish resulting from negligence in failing to deliver a telegram is stated as follows: "A third person who is neither the sender nor the addressee may sue where the message shows or the company is otherwise informed of his beneficial interest therein. Conversely such a third person cannot sue where defendant had no notice either from the message or otherwise of his beneficial interest. Thus it has been repeatedly held that a person other than the sender or the addressee, who is not mentioned in the message and whose interest therein is not disclosed, cannot recover for mental anguish." 62 C.J. § 220, pp. 192, 193.

Also, see 40 Tex.Jur. § 169, p. 670 et seq., and § 155, p. 636 et seq.; 26 R.C.L. sec. 89, p. 589; 72 A.L.R. 1207 (notes); 35 Texas Digest, Telegraphs and Telephones, ☞56 (4) p. 305 et seq.

■ In the absence of language in a telegram, or extraneous information, indicating a contrary intention, it is presumed the message was intended for the benefit of the addressee. Goodson v. Western Union Tel. Co. (Tex.Civ.App.) 188 S.W. 736, 741; Western Union Tel. Co. v. Gahan, 17 Tex.Civ.App. 657, 44 S.W. 933, 935 (writ ref.); 40 Tex. Jur. § 206, p. 740.

Defendants in error ingeniously argue that although Mrs. Johnson is not mentioned in the telegram as addressee, or otherwise, yet the word "mother" notified defendant that some one's mother had died; that in all probability deceased was not the mother of addressee (or the sender) because the names were different, and that some one living with or closely related to Jesse Johnson was the intended beneficiary of the message; that at least sufficient information was imparted to defendant by the language of the message to put defendant on inquiry as to whether the message was intended for Mrs. Johnson.

Defendants in error cite Western Union Tel. Co. v. Tucker, 108 Tex. 371, 194 S.W. 130. The telegram there was:
"Sterling Dosier,
"Colorado, Texas.
"Tom Tucker's baby died today. If any one can come, send telegram.
"[Signed]    Sam Corley."

The evidence in that case showed that the sender of the message informed the telegraph company's agent that he was sending the message for Mr. and Mrs. Tom Tucker. There the portion of the telegram "If *anyone* can come, send telegram," was held to show "someone" other than the addressee "as the person whose presence at the burial was desired," and it was said "with their interest thus made known, the ascertainment of their names would have been a natural inquiry."

In Western Union Tel. Co. v. Streeter (Tex.Civ.App.) 205 S.W. 940, the plaintiff was the addressee in the telegram. In Herring v. Western Union Tel. Co., 108 Tex. 77, 185 S.W. 293, information outside of the language of the telegram imparted by the sender to the telegraph company's agent was given controlling effect. The last three mentioned cases are apparently the ones principally relied upon by defendants in error as supporting Mrs. Johnson's contention in this case; they have been so often discussed, differentiated, and distinguished that we shall not further attempt to do so here.

In Western Union Tel. Co. v. Kirkpatrick, 76 Tex. 217, 219, 13 S.W. 70, 18 Am.St.Rep. 37, suit was brought for damages for mental suffering of Mrs. Kirkpatrick resulting from a failure to deliver the following message:
" 'C. S. Kirkpatrick, Highland Station:
" 'Come on first train. Bring Ferdinand. His father very low.'
"[Signed]    Jerry Lordon."
There the receiving agent for the telegraph company was acquainted with Mr. and Mrs. Kirkpatrick and knew the telegram referred to her father. It was held, under the facts of that case, that such knowledge of its agent "would not affect the case, because the message does not indicate that it was expected that Mrs. Kirkpatrick should go to Galveston as the result of the information conveyed. There is nothing in the language to show that it was intended for the wife's benefit, or that necessarily suggested this to the agent, although he may have known both the lady and her father."

In Western Union Tel. Co. v. Taylor et ux. (Tex.Civ.App.) 162 S.W. 999 (writ ref.) the telegram was:
"Mr. Buford Taylor, Kempner, Texas.
"Notify Charlie Taylor that mother is dead.
"J. I. Johnson."
The plaintiff was Mrs. Charlie Taylor, wife of Charlie Taylor mentioned in the message. The "mother" referred to in the

message was the mother of Mrs. Taylor. There it was held that the message was insufficient to notify the defendant of any interest of Mrs. Taylor in the message.

In Meadows v. Western Union Tel. Co. (Tex.Civ.App.) 216 S.W. 211, suit was brought by Henry Meadows for the benefit of his wife, Evie Meadows, for damages resulting from defendant's negligence in delivering the following telegrams:

"Dated Lufkin, Texas, 8/19/15.
"To Henry Meadows, Humble, Texas.

"Alien died last night. Will bury her at Keltys tomorrow the twentieth.

"[Signed]   O. D. Davis."

"Lufkin, Texas.   August 20, 1915.
"To Henry Meadows, Humble, Texas.

"Evie's three year old sister died last night. Will bury her at Keltys tomorrow evening. Come if possible.

"[Signed]   Douglas Dunn."

In the last-quoted telegram, although the wife was referred to by her first name, it was apparently held that it was not shown that notice was thereby imparted to the telegraph company that the massage was intended for her benefit instead of her husband, the addressee. The decision, in the respect mentioned, was based upon Western Union Tel. Co. v. Carter, 85 Tex. 580, 581, 22 S.W. 961, 962, 34 Am.St.Rep. 826, and Southwestern Telegraph & Telephone Co. v. Gotcher, 93 Tex. 114, 53 S.W. 686, 688.

In the Gotcher Case the rule is stated as follows: "The decisions have settled the proposition that a telegraph company is not responsible to a person not appearing on the face of a telegram, nor otherwise known to it to be a beneficiary of the contract, for damages for mental suffering resulting from failure to deliver the message; and this for the reason that the company is not given the means of anticipating such suffering as a consequence of its negligence."

■ In said case one Spaugh went to defendant's office and told its agent that Mr. Hartman (Mrs. Gotcher's father) had told

him to send word to W. E. Gotcher that Mrs. Gotcher's brother was dead, and for Gotcher to come at once. The Supreme Court held that the communications by Spaugh to the telegraph company were not "such as to put it upon notice of any such consequence of a failure to secure communication with Gotcher as the mental anguish suffered by his wife." In discussing the facts it was said: "The statement in no way implied that the purpose was to give Mrs. Gotcher the privilege of going to the funeral. On the contrary, it might well have been assumed that she was already at her father's, and that only her husband's presence was sought." Applying the same reasoning to the facts of the instant case, we think the lack of notice of the beneficial interest of Mrs. Johnson is clearly demonstrated. We are of the opinion that the language of the telegram was insufficient either to constitute notice to the telegraph company of Mrs. Johnson's interest in the message, or to place upon it the duty of inquiring as to her interest.

See Western Union Tel. Co. v. Carter, 85 Tex. 580, 22 S.W. 961, 34 Am.St.Rep. 826; Western Union Tel. Co. v. Abbott et al. (Tex.Civ.App.) 17 S.W.(2d) 467; Western Union Tel. Co. v. Coleman et al. (Tex. Civ.App.) 284 S.W. 278; Maxville v. Western Union Tel. Co. (Tex.Civ.App.) 140 S.W. 464; 40 Tex.Jur. § 155, p. 636 et seq.

■ Since we have concluded that the telegram itself was insufficient to constitute notice of Mrs. Johnson's interest, the judgment must be reversed. The proof appears to have been fully developed on the question of notice; the evidence conclusively shows there was no extraneous notice of her interest given to the company. We think the trial court erred in refusing to instruct a verdict for defendant. Under the circumstances here disclosed, it becomes our duty to render the judgment the trial court should have rendered. Therefore, the judgment of the district court is reversed, and judgment rendered for plaintiff in error.

Reversed and rendered.