WESTERN UNION TELEGRAPH COMPANY *v.* ELIZABETH WATSON.

1. TELEGRAPH COMPANY.  *Wilful delay.  Punitive damages.  Message announcing death.*

   Where a telegraph company received for transmission and delivery a message to a woman announcing the death of her husband, but failed to deliver the same for several days, its failure being without excuse and so negligent as to amount to willfulness, it is liable to the sendee for punitive, as well as actual, damages.

2. SAME.  *Actual damage.*

   In such case the plaintiff cannot recover an item of actual damage not shown to have been suffered.

FROM the circuit court of, second district, Panola county.

HON. PERRIN H. LOWREY, Judge.

Mrs. Watson, appellee, was plaintiff, and the telegraph company, appellant, defendant, in the court below.

John Watson, the husband of appellee, in his lifetime, lived with his family, seven or eight miles from Batesville, in Panola county, Mississippi.  He suffered from a cancer, and in November, 1900, went to Birmingham, Ala., to be medically treated.  He grew worse, and died on Wednesday, December 12, 1900.  His brother-in-law, at whose house he died, telegraphed Mrs. Watson, widow of decedent, at about 7 o'clock Thursday morning, and asked what to do with the corpse.  This telegram was not delivered to Mrs. Watson until about a week. after it was sent from Birmingham, and several days after her husband had been buried, near Birmingham.  She brought this suit to recover damages caused by the negligence of the telegraph company, in failing to deliver the message.  The testimony showed the following facts: Mr. Hagood, the sender of the message, called at the Western Union Telegraph office at North Birmingham early Thursday morning, December 13,

and delivered the message to the telegraph operator, and paid for same the price charged; he called twice again that day, and once on December 14, and was told that nothing had been heard from the message; he called again in the evening of December 14, and was then informed that the message could not be delivered; the body of John Watson was interred December 15, nothing having been heard from Mrs. Watson. John Watson, son of Mrs. Watson, called at the Western Union Telegraph office at Batesville twice on the 13th of December, the day the message was received, and asked if there was anything there for Mrs. Watson, and was told that there was not; he called again on Decemebr 14, and asked if there was anything for Mrs. Watson, and was again told that there was not; he and his brother were in Batesville nearly every day, and were well known to the people in Batesville and had an aunt living there who was also well known, named Watson. The message was not delivered until the plaintiff's son, John, went to the operator at Batesville and told him he had a letter from Birmingham, telling him that a telegram had been sent to Mrs. Watson, when the operator hunted it up and gave it to him. Mrs. Watson and her family knew nothing of her husband's death until several days after he had been buried in Birmingham.

There was a verdict and judgment for plaintiff for $1,000, which was shown to include the $100 item mentioned in the opinion of the court. Defendant's motion for a new trial was overruled, and it appealed to the supreme court.

*Mayes & Harris,* for appellant.

*Pearson & Lamb,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

We cannot concur in the estimate put by learned counsel for appellant upon the strength of the case made by appellee. We are clearly of the opinion that the evidence makes out a plain

case of willful disregard of the rights of the appellee, and fully warrants the imposition of exemplary damages. Since there was willful wrong, the Rogers case, 69 Miss., 748; 9 South., 823; 13 L. R. A., 859; 24 Am. St. Rep., 300, has no application. It was error, however, to allow proof of the cost — $100 — of exhuming and reinterring in Batesville the body of appellee's husband. There is no evidence that she had caused this to be done. It was clear that she had not incurred such expense.

If $100 shall be remitted, the judgment will be affirmed; otherwise, reversed and remanded.