# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1916.

LAUREL COMPRESS COMPANY v. POWER ET AL.

[71 South. 161.]

WAREHOUSEMEN. *Loss of goods. Notice of arrival.*

When a compress company did not know of the shipper's custom to insure cotton upon its arrival at warehouses under a blanket policy, and no general custom to that effect among those engaged in the cotton business was shown, it was not liable for the value of cotton destroyed by fire while in its warehouse because of its failure to promptly notify the shipper of the arrival of the cotton as requested by the shipper.

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.

Suit by Geo. B. Power and another trustee of the Farmers' Warehouse Company against the Laurel Compress Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Green & Green,* for appellant.

*G. Montgomery,* for appellees.

POTTER, J., delivered the opinion of the court.

The appellee filed this suit in the circuit court of Jones county, and the case was tried by the judge by agreement

without a jury. The appellee, plaintiff in the court below, was awarded damages to the extent of five hundred and three dollars. The substance of the ground of recovery is, that the Farmers' Warehouse Company, for whom appellees are receivers, shipped six bales of cotton from Stringer, Miss., to the Laurel Compress Company at Laurel, Miss., with the request that it be promptly notified upon the receipt of the cotton. Three bales of the cotton in question arrived at the defendant's compress on December 9th, and three other bales arrived on December 14th, and the warehouse in question burned and the cotton in question was destroyed on the morning of the 17th day of December. The appellee had written the appellant to promptly notify it of the arrival of the cotton at its warehouse and sets out as its ground of recovery that the appellant failed to notify appellee of the arrival of the cotton promptly as requested; that on account of the appellant's negligence in this respect appellee had failed to have the cotton in question covered by a blanket policy it carried on cotton it had in various warehouses, and consequently the appellee's cotton was burned up without any insurance, due to appellant's negligence in not promptly notifying appellee of the arrival of the cotton at its compress at Laurel. It is claimed by the appellee that the appellant had notice of the existence of the blanket policy and its custom to place its cotton under the protection of the same whenever notified of its arrival at warehouses.

The appellee, however, utterly failed to produce any testimony to show that appellant knew of its custom to insure cotton on reaching warehouses under a blanket policy, but the court seemed to take judicial notice of the existence of such custom. On the other hand, the agents for the appellant company testified that they did not know of the arrangement in question, but, to the contrary, had been given the impression by Mr. Robertson, the general attorney for the appellee, that appellee had an arrangement whereby cotton was covered under a blan-

ket policy held by appellee from the time of the issuance of bills of lading for same upon delivery to carriers. The testimony fails to show that it was the general custom, if such is the case, of those engaged in the cotton business to insure cotton on arrival at the warehouse. In fact, the testimony in this case fails entirely to show that the appellant had any notice of the character of damage its alleged negligence would probably cause the appellee to sustain. *Western Union Telegraph Co.* v. *Watson,* 82 Miss. 101, 33 So. 76; *Western Union Telegraph Co.* v. *Pearce,* 82 Miss. 487, 34 So. 152.

<div align="right">

*Reversed and remanded.*