Landsberger *v.* Magnetic Telegraph Company.

LANDSBERGER and others *vs.* THE MAGNETIC TELEGRAPH COMPANY.

Measure of damages, in an action against a telegraph company, for neglecting to deliver a dispatch.

The general rule of damages laid down in *Griffin* v. *Colver,* (16 *N. Y. R.* 489,) recognized as the settled rule of law in the state of New York, upon a breach of contract.

THIS was an appeal from a judgment entered upon the report of a referee.   The action was brought to recover damages of the defendant for neglecting to deliver a telegraphic dispatch from New Orleans to New York, according to agreement.   The referee reported in favor of the plaintiffs for $16.09.

*Levi A. Fuller,* for the appellants,

*James M. Smith,* jun. for the defendant,

*By the Court,* BONNEY, J.   The only question in this case is one of damages.   In December, 1856, the plaintiffs, at San Francisco, California, contracted with Locan & Co. of that place, to purchase for them, in New York, on commission, 300 Colt's pistols, (revolvers,) and to deliver such pistols in San Francisco, by the steamer which should leave New York on the 20th January, 1857; for which the plaintiffs were to receive a commission of $7\frac{1}{2}$ per cent on the cost of the pistols; and they agreed to "*hold themselves responsible to the sum of five hundred dollars, to be paid to Locan & Co. by them, if they failed to fulfill the agreement.*"
For the purpose of executing this agreement the plaintiffs

remitted, from San Francisco, by the Pacific Mail Company, the sum of $10,000, which arrived in New York on 13th January, 1857. One of the plaintiffs left San Francisco for New York, via Nicaragua, on 20th December, 1856, expecting to reach New York by 12th January, 1857, in time to purchase said pistols; but was (with the other passengers on the same voyage) made prisoner by the Costa Ricans, and detained so that he did not arrive in New York until 24th January. That this contract might not fail to be executed, by reason of such detention, the plaintiffs, at an expense of $50, sent, by special messenger, from Nicaragua to New Orleans, a telegraphic dispatch communicating information necessary for the performance of the contract, addressed to "*J. Landsberger & Co.* 28 *Broad street, New York,* (the plaintiff's firm in New York,) containing the following words: "*get ten thousand dollars of the Mail Company.*" This dispatch was received by the defendants in New Orleans, for transmission by telegraph, on 16th January, and, on 17th January, was transmitted to and received at their office in New York, but addressed to "*H. P. Lammeyer.*" No such person was found in the New York directory, and on said 17th January a copy of the dispatch was mailed to "*H. P. Lammeyer,*" and the defendants telegraphed to the office in New Orleans "for better address." From 17th to 23d January, communication by their telegraph line was interrupted by storms at the south, and the defendants did not get a reply to said office message until the night of 22d January, when they received, at their office in New York, the correct address, "J. Landsberger & Co., 28 Broad street," and on the morning of 23d January they delivered the dispatch to its proper address. By reason of the nondelivery of that dispatch before 20th January the plaintiff's agreement with Locan & Co. was not, and could not be, performed for want of the money in the dispatch mentioned; and the plaintiffs paid Locan & Co. on demand, as liquidated damages for the non-performance of that agreement, $500.

The sole cause of the non-delivery of the dispatch, on or before 18th January, was the erroneous address received at the defendant's office in New York, and this was manifestly caused by the default or negligence of the defendants, and the referee has so found. The plaintiffs claim to recover as damages.

Commissions on the purchase of the pistols, to which they would have been entitled if the contract had been performed, _____ $462 00

The amount paid to Locan & Co. as damages for non-performance, _____ 500 00

Amount paid defendants for transmitting the dispatch, _____ 6 50

Interest on $10,000, the receipt of which by plaintiffs in New York was delayed five days by the non-delivery of said dispatch to them,_____ 9 59

The referee allowed only the two last items of damages, and reported $16.59 for the plaintiffs, for which judgment was entered, with costs to the defendants. The plaintiffs excepted and appealed.

It is perfectly clear, in my judgment, that by reason of the non-performance by the defendants of their agreement to transmit and deliver immediately the telegraphic dispatch above referred to, the plaintiffs have sustained the first two items of damage above mentioned as well as the other items, and that such non-performance was occasioned by the defendants' negligence, for which they are liable to the plaintiffs in damages; and yet I am constrained to concur with the referee in the conclusion at which he arrived, that the amount of said two first items cannot be recovered against the defendants in this action.

The rule of damages applicable to this and other like cases is clearly stated in the opinion of Judge Selden, (in which all the judges of the court of appeals concurred) in the case of *Griffin* v. *Colver*, (16 *N. Y. Rep.* 489,) as follows : "The broad general rule in such cases is, that the party injured is entitled to recover all his damages, including gains prevented

Landsberger *v.* American Telegraph Company.

as well as losses sustained; and this rule is subject to but two conditions. The damages *must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract; that is, must be such as might naturally be expected to follow its violation."* "And, they must be certain both in their nature and in respect to the cause from which they proceed."

The first of these conditions appears to me to exclude said first two items of damage. On receiving this dispatch for transmission, the defendants had no information whatever in relation to it, or the purposes to be accomplished by it, except what could be derived from the dispatch itself. The effect of any delay in the delivery of the dispatch would naturally and necessarily be equal delay in the receipt by the plaintiffs, in New York, of the $10,000 therein mentioned. The defendants were not informed of any special use intended to be made of this sum of money; and what damage might they naturally expect to follow from the delay in the receipt of it? Clearly, the loss of the use of that sum during the time that its receipt was delayed, and the damages for the loss of such use are, by the laws of New York, determined to be the interest on the money for the period of the delay, at seven per cent per annum.

The rule laid down, and the illustrations thereof given, in the opinion referred to, appear to me entirely decisive of the present case, and to fully sustain the judgment of the referee.

By the case of *Hadley* v. *Braxendale,* (26 *Eng. L. and E. Rep.* 398,) it appears that the same rule is recognized and acted upon in the English courts. The late decision in our court of last resort, above referred to, must be considered as stating the settled rule of law in this state, and renders it unnecessary to refer to any other of the numerous authorities on this question.

The judgment must be affirmed, with costs,

[NEW YORK GENERAL TERM, September 17, 1860. *Sutherland, Allen* and *Bonney,* Justices.]