# Frazer & Co. *v.* Western Union Telegraph Co.

*Action against Telegraph Company for Damages resulting from Delay in Delivery of Message.*

1. *Damages resulting from delay in sending telegram.*—A recovery can not be had against a telegraph company, for damages resulting from delay in sending or delivering a message relative to an advance in the price of cotton, which reached plaintiffs a short time after they had sold a lot of cotton on hand, when it appears that the message was the voluntary act of a third party, who was under no legal obligation to send it, and that it had no connection with that particular lot of cotton.

APPEAL from Bullock Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

This was a suit by Frazer & Co., a partnership consisting of Charles and Nathan Frazer against appellee for delay in delivering a telegram sent to plaintiffs by S. T. Frazer, in consequence of which, it was alleged, they sold certain cotton at a less price than they would have sold it had said telegram been delivered within a reasonable time. It appeared on the trial that S. T. Frazer, a member of the General Assembly then in session at Montgomery, had promised to keep plaintiffs posted as to important changes in the cotton market, for which services he was to receive no compensation. There

was conflict of testimony whether the telegram from said S. T. Frazer to plaintiffs was delivered to the Telegraph Co. at 3 1-2 or 4 1-2 P. M. It was received at 5:25 P. M., ten or fifteen minutes after plaintiffs had sold their cotton at 8 1-8 cents per pound. Plaintiffs claimed, had they received the telegram within a reasonable time after delivery to defendant, they could have sold the cotton at 8 & 3-8 cents per pound. The contents of the telegram in question, was a notification of an advance in cotton of 18 points.

NORMAN & SON, for appellant.

JONES & FALKNER, and JOHN G WINTER, contra, cited, 3 Stew. and Por. 49; 7 Ala. 189; 17 Ib. 648; 3 Brick. Dig. 113 § 106.

SOMERVILLE, J.—The sending of the telegram by S. T. Frazer to the plaintiffs, Frazer & Co., by which was conveyed to them the intelligence as to the rise of cotton in Montgomery and other markets, was the volunteer act of one who was under no obligation to do it as an agent, or otherwise. It was done as a mere favor, and seems to have had no proximate connection with the particular sale of cotton made by the plaintiffs on December 6th, 1886, in which they sustained the loss now claimed by them as damages. It does not appear that plaintiffs expected or relied on this intelligence in shaping the terms and time of sale, nor that the failure to receive it exerted in fact any influence in inducing them to take the price for which they actually sold the cotton. The sending of the dispatch was, in other words, accidental in its nature, and not the outgrowth or product of any legal obligation assumed by the sender. The possession by the plaintiffs of the one hundred and forty bales of cotton on that day was accidental in its relations to the telegram, as was also the sale of the plaintiffs' cotton. There was, legally speaking, no causal connection or relation between them.

No damage can be recovered, based on the defendant's negligence, unless it be the natural and proximate consequence of the act complained of in the action. If the damage claimed can not be reasonably supposed to have entered into the legal contemplation of the parties at the time of making the contract, for the breach of which such damage is claimed, it is not recoverable.

.The application of this rule is fatal to the plaintiffs' case. The evidence does not tend to prove that the damages claimed by the plaintiffs could have been within the legal contemplation of the contracting parties at the time of sending the telegram, in the delivery of which it is claimed there was negligence on the part of the defendant company.

The general charge could well have been given for the defendant, without hypothesis. The errors in the rulings of the court, therefore, if any, are errors without injury, and need not be considered.

Affirmed.