Western Union Telegraph Co. *v.* Clifton & Eckford.

1. Telegraph Companies. *Delay in delivering message. Measure of damages.*
    For breach of contract to seasonably deliver a message, a telegraph company is liable for the damages which naturally and in the usual course of things flow from such breach. Other and special damages are not recoverable, unless the language of the message or extraneous information bring them within the contemplation of the parties.

2. Same. *Loss of profits. Case in judgment:*
    A telegraph company failing to promptly deliver a message to an attorney, asking him to come on the first train to a neigboring town, and requesting an answer, is not liable to him for fees he would have earned by replying and going as requested, if the company is not informed by the message itself or otherwise that such loss would probably result from the delay.

From the circuit court of Monroe county.

Hon. Lock E. Houston, Judge.

One Hayes, a merchant at West Point, Miss., was in a failing condition, and wished to prefer Robert Howe, a wholesale merchant in Cincinnati, Ohio, to whom he owed a debt of $2100.   It was arranged between them that Howe should go to West Point, and consummate an agreement by which the debt of Hayes should be secured.   Just before leaving Cincinnati, Howe, desiring Clifton & Eckford, his attorneys, to prepare the necessary papers, telegraphed them at their home in Aberdeen, Miss., to meet him in West Point. This message was promptly delivered, and Clifton & Eckford answered that they would meet him as requested, but, for some reason, Howe did not receive the answer, and reached West Point in

advance of them.   Howe then telegraphed from West Point as follows :—

"WEST POINT, Miss., April 16, 1890.
"CLIFTON & ECKFORD,
                    Aberdeen.
"Send Eckford on first train.   Am here.   Answer.
                                        ROBERT HOWE."

This telegram was promptly transmitted to Aberdeen, but, through the negligence of the company, was not delivered for several hours.   The delivery, however, was in time for Eckford to take the first train to West Point, which he did.   But, meantime, Howe, not having received any reply informing him that Eckford would come, employed an attorney in West Point to transact his business, and when Eckford arrived his services were not needed. It is not denied that Howe, if seasonably notified that Eckford was coming, would have awaited his arrival, and appellees would have been employed and earned a fee.

Appellees brought this suit in the justice court and recovered, in addition to the statutory penalty, the amount of fees which they would have made if such message had been promptly delivered.

*Sykes & Richardson,* for appellant.

The damages sued for cannot be supposed to have entered into the contemplation of the parties when they made the contract.   The object of the message was to get Eckford on the first train, and it did get him.   The company had no knowledge of loss likely to ensue, except that derived from the message itself.   Nothing gave them notice of the losses here sued for.   *Hadley* v. *Baxendale,* 9 Exch. 341 ; Wood's Mayne on Damages, §§ 14, 36, 42 ; Gray, Com. by Tel. 80.   The damages claimed are too remote from the terms of the telegram to be elements of damage in this case.

*W. P. & J. B. Harris,* on the same side.

The damages claimed could not have been foreseen by the company.   It did not contract with reference to them, since nothing gave it notice that they might follow from a delay.   *V. & M. R. R. Co.* v. *Ragsdale,* 46 Miss. 458, and cases cited ; *Landsberger* v. *Tel.*

Co., 32 Barb. 530 ; *Mackay* v. *Tel. Co.,* 16 Nev. 222 ; *Candee* v. *Tel. Co.,* 34 Wis. 471 ; *Tel. Co.* v. *Gildersleve,* 29 Md. 232 ; *Beaupré* v. *Tel. Co.,* 21 Minn. 155 ; *Baldwin* v. *Tel. Co.,* 45 N. Y. 744 ; *Daughtery* v. *Tel. Co.,* 75 Ala. 168 ; *Tel. Co.* v. *Way,* 83 Ib. 542 ; *Frazer* v. *Tel. Co.,* 84 Ib. 487.

*Clifton & Eckford,* for appellee.

If, as a matter of fact, appellees, by the negligence of the appellant, lost a fee, the latter must be answerable. *Alexander* v. *Tel. Co.,* 67 Miss. 386 ; *Alexander* v. *Tel. Co.,* 66 Ib. 161.

On the point of the liability of the telegraph company for the damages sued for, we rest the case on these decisions of our court and the following cases cited therein : *Tel. Co.* v. *Wenger,* 55 Pa. St. 262 ; *Tel. Co.* v. *Hyer Bros.,* 22 Fla. 637 ; *Daughtery* v. *Tel. Co.,* 75 Ala. 168 ; *True* v. *Tel. Co.,* 60 Maine, 9 ; *Tel. Co.* v. *Fatman,* 73 Ga. 285 ; *Parks* v. *Tel. Co.,* 13 Cal. 422.

Cooper, J., delivered the opinion of the court.

There is nothing in the evidence in this cause tending to show that the telegraph company knew why Howe desired Eckford to repair to West Point on the first train, or what injury would result to Howe or Eckford if the dispatch should not be speedily delivered. This ignorance did not, of course, relieve the company of its duty to forward and deliver the dispatch, and failing in this it is responsible in damages.    But the damages recoverable for the breach of a contract are not necessarily commensurate with the loss the injured party has sustained.    If such damages, naturally and in the usual course of things flow from the breach, they may be recovered, for the reason that parties contracting are presumed to do so with reference to natural and usual sequences ; and, failing to perform the contract as agreed, the liability is to respond in damages according to the contemplation of the parties.    But when, as in this case, no natural or usual consequences of a breach can be foreseen by the parties, either from the face of the written contract, or from extraneous information, it is impossible to say that the particular consequences of the breach were within the contemplation of the parties.    If the defendant company is liable to pay the attorney's

fees which the appellees might have earned had the dispatch been reasonably delivered, there are no imaginable injuries, responsibility for which might not have been fixed upon it, if they could have been proved to result from its breach of contract. The measure of damages is by law fixed as that which is sufficient to make good to the injured party the consequences contemplated· as probably following its breach. The rule applied in this case would cover all possible but improbable consequences. *Hadley* v. *Baxendale,* 9 Exch. 341 ; *R. R. Co.* v. *Ragsdale,* 46 Miss. 458.

<div align="right">

*The judgment is reversed.*