WESTERN UNION TELEGRAPH CO. v. MARGARET PEARCE.

1. TELEGRAPH COMPANY.  *Delay in delivering messages.*

   A telegraph company which wrongfully delayed the delivery of a
   message from a wife to her husband announcing the illness of a
   child and requesting the husband's immediate return home, is
   liable to the wife for its negligence, where the delay resulted
   in the husband's failure to return as soon as he would have
   done had the message been promptly delivered.

2. SAME.  *Special damages. Pregnancy. Want of notice.*

   Although a telegraph company failed to seasonably deliver a mes-
   sage from a wife to her husband, she cannot therefor recover
   an item of special damage which resulted alone from the fact
   that she was pregnant, in the absence of evidence that the com-
   pany had notice of her condition.

FROM the circuit court of, second district, Yalobusha county.
HON. SAMUEL C. COOK, Judge.

Mrs. Pearce, appellee, was plaintiff and the Telegraph Com-
pany, appellant, defendant in the court below.

This suit was to recover $1,950 actual damages and the
statutory penalty of $25 from the Western Union Telegraph
Company for failure to promptly deliver a telegraph message
sent by plaintiff from Water Valley, Miss., to her husband, at
McComb City, Miss.  Mr. Pearce lived in Water Valley, but
he was temporarily at McComb City at work, boarding at Mc-
Colgan's hotel there.  The message was as follows: "Water
Valley, Miss., 16th of March, 1901.  F. A. Pearce, at McCol-
gan's hotel, McComb City, Miss.: Come home at once.  Baby
is sick.  (Signed) Margaret Pearce."  This message was writ-
ten on a piece of white note paper, and sent to the telegraph of-
fice in Water Valley about 6 o'clock in the afternoon of the 16th
of March, 1901, and its transmission paid for.  It was delivered
to Mr. Pearce in McComb City, about 12 o'clock, March 17,

1901, and he left that place for home on the first train, about 9 o'clock that night. If the telegram had been delivered promptly Pearce would have caught an earlier train and reached home several hours before he did. The declaration alleges that plaintiff was pregnant, expecting to be confined in about a month; that plaintiff's previously born child became ill, and its life was despaired of, while she was in that condition; that plaintiff was greatly worried and troubled, and deprived of the presence and comfort of her husband's companionship at that time, and his care and counsel and his services in nursing the child, and her strength was taxed beyond her ability by the care and responsibility of nursing the sick child, of which she would have been relieved by the presence of her husband, whereby she became sick and suffered great mental and physical pain, and the child with which she was pregnant was caused to be prematurely born, and died within a few hours afterwards. It is conceded that the defendant company had no knowledge of Mrs. Pearce's condition. It had no notice of the extent of the sickness of the previously born child, further than what was disclosed by the message, and no knowledge of any of the circumstances upon which the claim for special damages is based. There is no evidence to show whether the delay was in the delivery of the message at McComb City or delay in the transmission. There were verdict and judgment for plaintiff for $650. Defendant's motion for a new trial was overruled, and it appealed to the supreme court.

*R. H. Golladay* and *Mayes & Harris,* for appellant.

The message refers to baby's sickness alone. Neither from it nor any "extraneous information" could any one, plaintiff not excepted, have foreseen or reasonably anticipated her alleged injuries as a result of delay in delivery of message. *Clifton's Case,* 68 Miss., 309; *Jacob's Case,* 76 Miss., 278; *Johnson's Case,* 79 Miss., 60, 1.

If it be assumed, firstly, that possibly Pearce, had he received the message before 8 p.m. of the 16th, would have left McComb's on the train at that hour and arrived in Water Valley at 4.15 a.m. of the 17th; and, secondly, that had he got home at 4.15 a.m. of the 17th he'd have averted the stings and arrows of outrageous fortune, that, on that day smote his wife, the plaintiff, the assumption does not help plaintiff.

Possibilities or conjectures will not sustain a verdict.  *Cathey's Case,* 70 Miss., 332, 337, 338, 339; *Woolley's Case,* 77 Miss., 927, 924; *Johnson's Case,* 79 Miss., 58, 61.

Because in his absence, *ergo,* because of his absence, is "unsound as evidence or argument."

Though negligence be *causa sine qua non,* if not *causa causans,* the immediate proximate cause of the injury, a defendant is not amenable for the injury.  *Crawley's Case,* 70 Miss., 343, 344; *Wharfboat, etc., v. Wood & Co.,* 64 Miss., 661; 675 *et seq.; Meyer v. King,* 72 Miss., 1, 7, 8, 9; *Railroad Co. v. Millsaps,* 76 Miss., 855, 857, 858; *Railroad Co. v. Woolley,* 77 Miss., 927, 943; *Railroad Co. v. Rooks,* 78 Miss., 91, 97.

There can be no presumption indulged that a penalty has been incurred.

There is no evidence in this case from which it can be inferred that the company did not promptly deliver the message after its arrival in McComb City.  *Marshall v. Western Union Tel. Co.,* 79 Miss., 154.

The court will see that all of the testimony offered of any facts upon which to base the claim for special damages were excluded from the jury.

In the first place, the court excluded from the consideration of the jury the fact of the plaintiff's pregnancy, it being conceded by counsel for the plaintiff that the telegraph company had no knowledge whatever of the plaintiff's condition.  This action of the court was unquestionably right.

Furthermore, the court excluded from the jury the testimony

of Mrs. Pearce, the plaintiff, on the point that her husband, if at home, could have relieved her of the responsibility of nursing. The court, by an instruction, excluded from the consideration of the jury any mental anxiety or suffering by the plaintiff. What was there left in the case then upon which a verdict could possibly be supported?

It has been expressly decided by this court that in the absence of either language in the message, or some extraneous information of the facts, upon which special damages would arise, a recovery cannot be had. *Tel. Co.* v. *Clifton,* 68 Miss., 307.

*Kimmons & Kimmons,* for appellee.

The damages in this case are not too remote, but are the direct and proximate cause of the injury. The appellee needed rest because of the conditions in her home. She got no rest because of the fact that her husband was away. On account of the negligence of the company, her husband was away, so the absence of her husband is the cause of the injury.

In the case of *Alexander* v. *W. U. Tel. Co.,* 66 Miss., 161; s. c., 67 Miss., 386, Alexander sent a message to his real estate agent, saying: "Get option until Monday if you can, if not, close trade and fix papers." There was no offer on the part of anybody to sell Alexander the land, but simply a statement from the agent that the land could be bought, and the proof showed that the land could have been bought at that time, and would have been bought if the telegram had been delivered within a reasonable time, and the court held that the company was liable. The purpose of Alexander's telegram was:

1. To secure action of the agent.

2. If the agent had acted, he would have secured a bargain in real estate.

3. By the failure to secure the bargain he lost money.

In the case at bar, the purpose of the telegram was:

1. To secure the presence of appellee's husband.

2. His absence caused overexertion and much care to appellee.

3. Overexertion caused weariness and suffering, physical and mental.

Certainly the damages are no further removed in the case at bar than in the Alexander case, and it will not be said that the law of a commercial transaction is entitled to more consideration at the hands of our courts than physical and mental suffering caused by the failure of appellant to deliver a telegram notifying the head of the home of domestic cares and troubles.

It was contended in the court below that it was the overexertion that caused the trouble of appellee, and so it was, but the overexertion would not have been endured if the telegram had been sent promptly. *McPeet* v. *W. U. Tel. Co.,* 107 Iowa, 366; s. c., 43 L. R. A., 214.

Argued orally by *J. B. Harris,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

It is plainly proved by the testimony, taken as a whole, that all the suffering, physical and mental, endured by the appellee, was due solely to her advanced pregnancy; she being eight months gone. She is not suing for damages caused by nursing her own child, but because she was not in condition, by reason of said pregnancy, to nurse her child at all. The proof shows clearly that she did suffer great anguish of mind and physical agony—so much so that she lost the child of which she was *enciente;* but, while this is true, it is also true that the court excluded from the jury all the proof showing that her suffering, both mental and physical, was due to said advanced pregnancy. The court excluded all evidence of pregnancy, to which the physical and mental suffering the appellee herself says was wholly due. This out of the case, there was nothing left on which to base a finding for special damages, and we think the

court was clearly right in excluding this proof. The appellant had no notice whatever of said pregnancy, and the damages flowing from that are plainly not damages within the contemplation of the parties at the time the contract was made. The damages to be recovered must be such as can fairly be said to have been reasonably within the contemplation of the parties at the time it was made. It is true that Eugene Horton told the operator that the dispatch should be sent right away, and it is also true that it showed on its face that the matter was urgent; but neither of these pieces of testimony in any way showed that the pregnancy of appellee was in any way whatever known by the appellant. We are therefore of the opinion that no special damages can be recovered in this case. The case cited by learned counsel for appellee (*McPeet* v. *Western Union Tel. Co.,* 107 Iowa, 366, 78 N. W., 63, 43 L. R. A., 214, 70 Am. St. Rep., 205) is plainly sound on its facts. Indeed, the quotation by counsel from it includes the statement: "It is not too strict a rule to hold the defendant responsible for such losses as may be reasonably anticipated to follow its negligence, whether informed definitely what these may be or not." It cannot be said that the telegraph company in this case knew, or was put in possession of any facts by reason of which it would be bound to know, that the appellee was pregnant. But the appellant was plainly negligent, and is clearly liable for the price of the message, at all events; and, if the proof could show on the new trial that the delay was in delivering the message after it reached its destination, she will be entitled to recover the penalty prescribed by the statute.

*Reversed and remanded.*