WILLIAMS v. TELEGRAPH CO.

(Filed September 27, 1904).

TELEGRAPHS—*Damages—Messages.*

> In an action to recover damages for failing to correctly transmit a
> telegram, the meaning or import of the message not appearing
> by its own terms or made known to the agent of the company,
> no damage can be recovered for such failure beyond the price
> paid for the service.

ACTION by C. A. Williams against the Western Union
Telegraph Company, heard by *Judge W. B. Council* and a
jury, at March Term, 1904, of the Superior Court of HALI-
FAX County.

The plaintiff brought this action to recover damages for
failing to correctly transmit a telegram. The telegram as
sent was in the following words:

"RICHMOND, VA., Nov. 11, 1903.

J. H. DURHAM,
        *Tillery, N. C.*

Have Dr. Register meet me at Weldon Friday.

                                    C. A. WILLIAMS."

Plaintiff alleged that he had gone to Richmond for the
purpose of bringing the invalid sister of his wife to his
home at Tillery, and upon leaving home Dr. Register, his
family physician, had agreed to meet him at Weldon, when
notified to do so, to give his sister-in-law necessary medical
attention on her journey. In the message, as shown to Dr.
Register at Tillery, "Wednesday" was inserted for "Fri-
day," and the doctor, by reason of the mistake, was induced
to go to Weldon on Wednesday instead of Friday, and re-
mained there until the next morning. That in consequence

of defendant's negligence he could not get for his relative, when he arrived at Weldon, the medical attention which she so much needed, and he suffered thereby great mental anguish and distress. The plaintiff's allegations were denied by the defendant, except the allegations that there was a mistake in the message as shown to Dr. Register and that he went to Weldon on Wednesday.

The Court submitted two issues to the jury, one as to defendant's negligence and the other as to the damages. Plaintiff introduced evidence tending to sustain the allegations of his complaint. Dr. Register, one of the plaintiff's witnesses, testified that he was informed by Mr. Whitehead, who wrote the message in Richmond for the plaintiff, that the day written in the message was "Friday" and not "Wednesday"; that he had confidence in Mr. Whitehead, who was highly regarded by him as a man of character, and he had no reason to doubt his statement, but thought it best to rely on the message as more certain than Mr. Whitehead's recollection, and that he could have gone to Weldon on Friday. Defendant did not introduce any testimony but requested the Court to give certain instructions, the only one which it is necessary to set out being as follows: "If you find the evidence to be true, the second issue should be answered twenty-five cents, the cost of the message." The Court refused to give the instruction and the defendant excepted. Among other instructions, the Court gave the following: "The plaintiff is entitled to recover damages, if any he sustained, for his mental suffering and anxiety caused by the negligence of the defendant." Defendant excepted. There was a verdict for the plaintiff for $131.25. Motion by defendant for a new trial upon exceptions taken. Motion refused. Judgment and appeal by defendant.

*W. H. Dunn* and *Albion Dunn,* for the plaintiff.

*R. C. Strong, F. H. Busbee* and *Philip Busbee,* for the defendant.

WALKER, J. This case was so ably presented to us by the learned young counsel who argued for the plaintiff in this Court that we were at first almost persuaded to believe that the legal merits were with him, but after a careful examination of the facts in the light of well-settled principles of law, we are convinced that the Court erred both in giving the instruction to which exception was taken and in refusing to give the instruction requested by the defendant.

In order to ascertain the damages which a plaintiff who sues for a breach of contract is entitled to recover, the rule laid down by *Baron Alderson* for the Court in *Hadley v. Baxendale,* 9 Enc., 341, has generally been adopted as the one which will give the complaining party a fair and reasonable recompense for any loss he may have sustained or for any injury he may have suffered. The rule is thus stated in that case: "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive, in respect of such breach of contract, should be such as may fairly and reasonably be considered either arising naturally, that is, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it." This Court has fully approved the rule. *Ashe v. DeRosset,* 50 N. C., 299, 72 Am. Dec., 552; *Spencer v. Hamilton,* 113 N. C., 49, 37 Am. St. Rep., 611; *Herring v. Armwood,* 130 N. C., 177, 57 L. R. A., 958. It has been applied in actions against telegraph companies for negligence in transmitting and delivering messages. *Telegraph Co. v. Hall,* 124 U. S., 444;

*Cannon v. Telephone Co.*, 100 N. C., 300, 6 Am. St. Rep., 590; *Kennon v. Telegraph Co.*, 126 N. C., 232; *Mackay v. Telegraph Co.*, 16 Nev., 222; *Frazer v. Telegraph Co.*, 84 Ala., 487; *Baldwin v. Telegraph Co.*, 45 N. Y., 744, 6 Am. Rep., 165; *Telegraph Co. v. Gildersleeve*, 29 Md., 232, 96 Am. Dec., 519; *Landsberger v. Telegraph Co.*, 32 Barb., 530; *Candee v. Telegraph Co.*, 34 Wis., 471, 17 Am. Rep., 452; *Beaupre v. Telegraph Co.*, 21 Minn., 155. The principle uniformly sustained by the cases upon the subject, some of which we have cited, is that, unless the meaning or import of a message is either shown by its own terms or is made known by information given to the agent receiving it in behalf of the company for transmission, no damages can be recovered for failure to correctly transmit and deliver it beyond the price paid for the service. As said by the Court in *Squire v. Telegraph Co.*, 98 Mass., 237, 93 Am. Dec., 157, in commenting upon and approving the rule as laid down in *Hadley v. Baxendale, supra:* "A rule of damages which should embrace within its scope all the consequences which might be shown to have resulted from a failure or omission to perform a stipulated duty or service, would be a serious hindrance to the operations of commerce and to the transaction of the common business of life. The effect would be to impose a liability wholly disproportionate to the nature of the act or service which a party has bound himself to perform, and to the compensation paid and received therefor." The application of this principle, which has been settled by the best considered precedents, must be fatal to the plaintiff's contention. In order to enable him to recover substantial damages, based upon his mental distress and suffering, it is necessary for him to show that the defendant could reasonably have foreseen from the face of the message that such damages would result from a breach of its contract or duty to transmit correctly, or that it had

extraneous information which should have caused it to anticipate just such a consequence from a neglect of its duty towards the plaintiff. We can see nothing in the message itself to indicate that any mistake in its transmission would be likely to cause the plaintiff any mental anguish, and surely none of the kind which he is alleged to have suffered. There is not even a remote reference to his invalid sister-in-law, and, for all that appears, he may have wished to see Dr. Register, not as a physician, but for some purpose entirely foreign to the one mentioned in his complaint. It is quite certain that the object for which he desired to meet Dr. Register at Weldon did not appear by the message to be a very urgent one, as the telegram was sent on Wednesday and the doctor was not to come to Weldon until Friday.

We attach no importance to the fact that the message was addressed to a person who chanced to be a physician. That did not indicate to the company in the least that the special damages now claimed would follow a breach of its contract or duty. Under the circumstances, the message might just as well have related to some mere commercial transaction as to a professional engagement. There was nothing at all in it to notify the defendant that the plaintiff would be accompanied from Richmond by his invalid sister-in-law, who would need medical attention at Weldon, and without this information we do not see how the defendant can be liable for any damages which ensued from her failure to receive the proper care and attention from his family physician when they reached Weldon, unless the liability of a telegraph company for errors and delays is without limit, instead of being fixed in its extent by the just and reasonable rule first announced in *Hadley v. Baxendale.* We think its liability must end somewhere, and that its patrons have no reason to complain if they fail to give such information of the nature of the particular transaction to which the mes-

sage refers, as the company in all fairness is entitled to have. They are afforded ample protection by the rule, for the message can be so framed as to indicate its meaning, or, if this requires too many words and therefore the payment of an increased toll, they can adopt the inexpensive method of giving orally the information to the receiving agent or operator of the company. In this case, the message, so far as it imparted any information of the special purpose for which Dr. Register was wanted, might as well have been in cipher (*Cannon v. Telephone Co., supra*), or written in an unknown tongue. There is no suggestion that the company had any other information than the message itself furnished as to the object in sending it.

We cannot hold therefore that the damages are such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, and as might naturally, that is, according to the usual course of things, have been expected to follow as the probable result of the breach of it. The message does not appear to us to be any more certain or definite in its terms than the one which was held in *Kennon v. Telegraph Co., supra,* to be insufficient as a basis for the recovery, because of its non-delivery, of the kind of damages the plaintiff now claims. That decision is directly in point and must control in this case. See also, *Telegraph Co. v. Eckford,* 68 Miss., 307.

The Court committed an error in giving the instruction, and in refusing to charge as requested by the defendant, for which there must be another trial.

New Trial.