### IDA LANDRY v. WESTERN UNION TELEGRAPH COMPANY.

#### No. 1863. Decided November 4, 1908.

**1.—Telegram—Delay—Damages.**

Damages for delay in delivery of a telegram, which prevented plaintiff's brother from taking a certain train to come to her assistance and relief in the burial of her husband, were not recoverable when the proof showed that the brother, being fifteen miles in the country, could not have come by the train in question, or earlier than he did, had the message been promptly delivered. (P. 69.)

**2.—Same—Pleading.**

The fact that a brother, not mentioned in the pleading, might have come to plaintiff's assistance if the telegram had been promptly delivered could not be the basis for recovery of damages when the petition sought recovery only by reason of the absence of another brother, who could not have reached plaintiff sooner than he did if the message had not been delayed. (P. 69.)

Error to the Court of Civil Appeals for the Fourth District in an appeal from Bexar County

Ida Landry sued the telegraph company and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*Cocke & Cocke,* for plaintiff in error.

*Webb & Goeth,* for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

Ida Landry sued the Western Union Telegraph Company to recover damages for the negligent failure to promptly transmit and deliver the following message, which was sent from Ganahl, Texas, dated on the first day of March, 1905, and was delivered at the office of the telegraph company at 7 o'clock a. m.: "Sam Roundtree, Schreiver, La. Gus Landry very low. Send someone to me. Answer." Signed Ida Landry.

Proper and sufficient allegations of the negligence in failing to transmit and deliver the message were made. It was alleged that at the time the message was delivered the agent of the telegraph company who received it knew of Landry's condition. The petition, in

connection with other necessary and proper allegations to properly set forth the cause of action, contained these allegations:

"Plaintiff further alleges that there was a westbound passenger train scheduled to pass through Schreiver, Louisiana, at or about 10:20 a. m. of the morning of March 1, 1905, and said train did pass said point on said date at or near the schedule time and on which train the party to whom said telegram was sent, Sam Round-tree, or someone under his direction, could have reached San Antonio, Texas, about 5 or 6 o'clock a. m. of March 2, had said telegram been promptly transmitted and delivered, as it was defendant's duty to do, but that due to the delay in transmission and delivery of said telegram the said Roundtree was not advised of the needs and conditions of plaintiff until after said train had passed said point, for which reason said Roundtree could not come or send aid to this plaintiff until the following day, causing a delay of 24 hours."

The petition also contained this allegation:

"That the husband of plaintiff died on March 1, 1905, at Center Point, Texas, and it was her wish and desire to carry his remains for burial to the family burying ground in Louisiana, and which she would have done had her brother, Sam Roundtree, Jr., who was sent by her father, Sam Roundtree, in response to said telegram, reached her on the morning of March 2, as he could have done had said telegram been properly transmitted and delivered."

Again, plaintiff alleged as follows:

"Plaintiff further alleges that due to the failure of defendant to transmit and deliver said telegram promptly, her brother, who finally came in response thereto, did not reach Center Point, Texas, at or about 11 o'clock on the morning of March 2, as otherwise he could and would have done, much to the sorrow, disappointment, grief and humiliation of this plaintiff; that due to the failure of her brother to so reach and assist this plaintiff in shipping said deceased back to Louisiana, as aforesaid, it became necessary and indispensable for plaintiff to make preparation to have her said husband buried at Center Point, Texas, decomposition having set in and she having no funds with which to have his body embalmed or transported to Louisiana, all of which were known to defendant at the time of sending said telegram; that being wholly powerless to accomplish her said desire to have the body of her husband buried in the family burying grounds in Louisiana, as aforesaid, due to the negligence and failure of defendant to properly transmit and deliver said telegram and the consequent inability of plaintiff's brother to reach her on the morning of March 2, it devolved on this plaintiff to personally direct, supervise and attend to all the necessary details and arrangements in preparing said body for burial, the digging of the grave, the conveyance of the body thereto, and all other things and duties ordinarily incident to such an occasion; that plaintiff was in a comparatively strange country, was among strangers and without any relatives to aid, comfort, console or assist her; that she was, by reason of the delay in transmitting and delivering said telegram, compelled to attend the public burial of her deceased husband among strangers and alone, that is, without the comfort, consolation, as-

sistance and support of her brother, which caused her much mental pain and anguish, much sorrow and grief, and which would have been tempered and more easily borne had her said brother been present to cheer, comfort and assist her; that plaintiff was humiliated over the thought that the people who attended said burial would conclude that she had not the esteem, regard and sympathy of her people because of the failure of any of them to be present. That because of the increased mental anguish, humiliation, pain and suffering experienced by plaintiff as aforesaid, she had sustained actual damages in the sum of $500, in addition to the actual damages sustained by her in the sending of the said telegram."

The trial court charged the jury, in substance, if they believed from the evidence that the telegraph company negligently failed to transmit and deliver the message within a reasonable time to Sam Roundtree, Sr., at Schreiver, La., then to find for the plaintiff such sum as would compensate her for the damages actually sustained by her, "and in estimating such actual damages, if any, the jury should include the amount received by the defendant for sending the message and, in addition, the mental anguish, pain, sorrow, or grief, if any, which she sustained because of the failure of her brother to arrive at Ganahl on the noon train of March 2, 1905, and be present and cheer and comfort her and to assist in burial of her husband and which she would not have sustained had the telegram been promptly transmitted and had her brother arrived on the noon train of March 2, 1905."

The undisputed evidence showed that at the time the message should have been delivered at Schreiver and at the time the train passed on which the brother must have taken passage to reach Ganahl on the 2d of March, Sam Roundtree, Jr., was fifteen miles distant from Schreiver and that he did leave that station the next day on the first train that he could have taken had the message been promptly delivered to Sam Roundtree, Sr. It was therefore error for the court to submit to the jury the issue of the damages which the plaintiff sustained by reason of the failure of her brother Sam to arrive on the train on the 2d of March, because his failure to so arrive did not result from the failure to deliver the telegram in a reasonable time.

The Honorable Court of Civil Appeals says that there was another brother, Joe, who was within the purview of the telegram. There is no allegation in the petition that if the telegram had been delivered in time the brother Joe would have gone to his sister in Ganahl, nor is there any allegation of any damage arising from the failure of anyone to go to plaintiff's aid and relief except the brother, Sam, Jr. There was no evidence which justified the submission of the issue to the jury. We therefore reverse the judgments of the District Court and Court of Civil Appeals and remand the case to the District Court

*Reversed and remanded.*