WESTERN UNION TELEGRAPH COMPANY, A CORPORATION,
*Plaintiff in Error* v. MYRTLE H. TAYLOR, WITH WHOM
IS JOINED C. F. TAYLOR, HER HUSBAND, *Defendant in
Error.*

Opinion Filed April 14, 1924.

This case was decided by Division B.

1. Generally telegraph companies are liable for such damages
   as naturally and proximately result from their negligent
   failure to promptly transmit and deliver messages received
   by them for transmission and delivery.

2. Prior to the enactment of the statute authorizing it (Sec.
   4388, Rev. Gen. Stat.) mental anguish resulting from the
   negligent failure to promptly transmit and deliver a telegraph
   message received for transmission and delivery was not a
   recoverable element of damage.

3. The statute (Sec. 4388, Rev. Gen. Stat.) imposes liability for
   "mental anguish, distress or feeling, physical and mental
   pains and suffering resulting from the negligent failure to
   promptly transmit or promptly deliver" telegrams, and to
   that extent enlarges and extends the scope of liability in
   such cases.

4. In order for plaintiff to recover for mental anguish the dam-
   age alleged and proved must or should have been contem-
   plated as a probable and proximate result of defendant's
   negligence. And there can be no recovery on this ground
   unless the telegraph company had notice, or was put upon
   inquiry from the language of the telegram or otherwise, that
   by reason of its negligence in the prompt transmission and
   delivery of the telegram such damage would be likely to
   result.

5. In an action for damages for injury of any character caused
   by the negligence of a telegraph company in the transmis-

sion or delivery of messages properly delivered to it for transmission and delivery, the plaintiff should show that the telegraph company, either from the character of the message or from information imparted to its agent, had such notice as that the injurious consequences alleged should have been contemplated as natural probable results of the negligence complained of, and that such injurious consequences resulted proximately from such negligence. Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South Rep. 820.

6. In an action for damages resulting from the negligent failure to promptly transmit and deliver a telegraph message received for transmission and delivery, it is not essential to recovery that the particular injury sustained was contemplated, but the company is liable if the injury sustained should have been contemplated as a probable and proximate result of its negligence.

7. The following message was received by the defendant company for transmission and delivery: "Perry, Fla. 7/27/1921. To: Mrs. C. F. Taylor, % Spring Cottage Hotel, Fort Pierce, Fla. Will be in Jacksonville and meet you all Saturday. You leave there Friday night. Have Fred secure sleeper for you all. Get ten dollars from your mother for sleeper. I will mail it back to her. Fred." The message was not delivered. In view of its contents, the plaintiff sendee is only entitled under the statute to recover damages for "mental anguish, distress or feeling, physical and mental pains and suffering" caused by having to travel, with others impliedly with her, at night on a day coach instead of a Pullman car, such mode of travel being a proximate result of the defendant's "negligent failure to promptly deliver" the telegram.

A Writ of Error to the Circuit Court for Taylor County; M. F. Horne, Judge.

Reversed.

*Myers & Myers*, for Plaintiff in Error;

*W. B. Davis*, for Defendant in Error.

WEST, J.—This action is to recover for mental anguish and physical pain and sickness alleged to have been suffered by plaintiff Myrtle H. Taylor, because of the alleged negligent failure of defendant to promptly transmit and deliver to her a telegram received by it for transmission and delivery. There was a verdict of $650 for plaintiffs, addressee and sender of the telegram. Motion for new trial was made and granted unless a remittutur of $250 was made. Remittitur was entered and judgment for plaintiff for $400 was awarded. Defendant took writ of error.

The telegram is as follows: "Perry, Fla., 7/27, 1921. To: Mrs. C. F. Taylor, care of Spring Cottage Hotel, Fort Pierce, Fla. Will be in Jacksonville and meet you all Saturday. You leave there Friday night. Have Fred secure sleeper for you all. Get ten dollars from your mother for sleeper. I will mail it back to her. Fred."

It is alleged that the defendant, Western Union Telegraph Company, "carelessly and negligently failed, refused and neglected to transmit and deliver said message and telegram to the said" plaintiff and that said message wa never delivered; that prior to the time of the delivery of the message to be transmitted by the defendant, the sender had written the addressee "advising her that he would wire her as to the time and manner of coming from Fort Pierce to Jacksonville, Florida, and on to Perry, Florida," and that "because of the failure to deliver the said message the said Myrtle H. Taylor suffered mental pain and anguish * * * and not having gotten the said message the said Myrtle H. Taylor did not know what to do about the trip home to Perry, Florida"; that she left Fort Pierce for Perry, Florida, on Friday, the 29th day of July, 1921, but that "because of not having gotten the message the said Myrtle H. Taylor did not take a sleeper and did not ride on a sleeper from Fort Pierce to Jack-

sonville, but rode on a day coach in the night time a part of the way with these children''; ''that the said Myrtle H. Taylor would have gotten the said ten dollars from her mother * * * if she had known it would be all right with her husband, but as she had not received any message or any telegram the said Myrtle H. Taylor did not know what to do or what course to pursue with reference to the trip''; ''that this mental suffering and pain and agony of mind suffered by the said Myrtle H. Taylor, because of failing to get this telegram'' caused her to become sick and enfeebled and to suffer mental and physical pain, anguish and worry, and to remain sick and enfeebled for a long period of time.

There was a plea of not guilty and a special plea, the averments of which it is not necessary to set forth.

The statute upon which the action is predicated is Section 4388, Revised General Statutes, which for convenience we insert:

''4388. *Recovery for mental anguish and physical suffering; burden of proof.*—That persons, firms and corporations engaged in the business of transmitting telegrams into or out of this State, or from one point to another point in this State, shall be liable in damages to the sender and addressee, jointly or severally, of any telegram received for transmission and delivery, whether such telegram is received for transmission into or out of this State, or from one point to another point within this State, for mental anguish, distress or feeling, physical and mental pains and suffering resulting from the negligent failure to promptly transmit or promptly deliver such telegram, or because of the negligent failure to correctly transmit and deliver such telegram. And in all cases brought under this Act the burden of proof shall be upon the defendant to show to the satisfaction of the jury, or if there be no

jury, to the satisfaction of the judge trying the case, by a preponderance of the evidence, that such defendant was free from fault in and about the transmission and delivery of any telegram received for transmission and delivery.''

It is contended by plaintiff in error, and this contention is admitted to be in the main correct, that there are three distinct elements comprising the damages alleged, namely: *first,* that the plaintiff had received a letter from the sender, her husband, advising that he would telegraph her as to the time and manner of coming from Fort Pierce to Jacksonville, and that the telegram, though received for transmission by defendant, was never delivered, and the failure to receive it by plaintiff caused her to suffer mental pain and anguish; *second,* that she undertook the trip from Fort Pierce to Jacksonville, and because she was not authorized to borrow $10 from her mother with which to pay pullman fare, traveled in a day coach instead of a pullman car, causing her mental suffering and pain and agony of mind; and *third,* that such mental suffering and pain ocassioned by the failure to receive the telegram, and traveling in a day coach at night, caused her to become sick and to suffer mental anguish and physical pain.

Generally telegraph companies are liable for such damages as naturally and proximately flow or result from their negligent failure to promptly transmit and deliver messages received by them for transmission and delivery. Western Union Tel. Co. v. Hyer Bros. 22 Fla. 637, 1 South. Rep. 129; Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495.

In this jurisdiction, prior to the enactment of the statute quoted, mental anguish resulting from the negligent failure to promptly deliver a telegraph message received for transmission and delivery was not an element of damage for which recovery could be had. International Ocean

Tel. Co. v. Saunders, 32 Fla. 434, 14 South. Rep. 148; Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820. But in Western Union Tel. Co. v. Wells, 50 Fla. 474, 39 South. Rep. 838, 111 Am. St. Rep. 129, 2 L. R. A. (N. S.) 1072, it was held that the wilful refusal of a telegraph company to pay money in its hands for one entitled thereto on telegraphic order, with knowledge that such person would have to travel a long distance without food, rendered the company liable in damage for mental pain and anguish.

The statute imposes liability for "mental anguish, distress or feeling, physical and mental pains and suffering resulting from the negligent failure to promptly transmit or promptly deliver" telegrams received by a telegraph company for transmission and delivery. It enlarges and extends the scope of liability to cases of this kind. But in order for a plaintiff to recover for mental anguish, the damage alleged and proved must or should have been contemplated as a probable and proximate result of defendant's negligence, and there can be no recovery on this ground unless the telegraph company had notice, or was put upon inquiry from the language of the telegram or otherwise, that by reason of its negligence or default in the prompt transmission and delivery of the telegram such damage would be likely to result. Middleton v. Western Union Tel. Co., 183 Ala. 213, 62 South. Rep. 744; Mentzer v. Western Union Tel. Co., 93 Ia. 752, 62 N. W. Rep. 1, 57 Am. St. Rep. 294, 28 L. R. A. 72; Marriott v. Western Union Tel. Co., 84 Neb. 443, 121 N. W. Rep. 241, 133 Am. St. Rep. 633; Postal Tel. Cable Co. v. Terrell, 124 Ky. 822, 100 S. W. Rep. 292, 14 L. R. A. (N. S.) 927; Western Union Tel. Co. v. Glover, 138 Ky. 500, 128 S. W. Rep. 587, 49 L. R. A. (N. S.) 308; Green v. Western Union Tel. Co., 136 N. C. 489, 49 S. E.

Rep. 165, 103 Am. St. Rep. 955, 1 Ann. Cas. 399, 67 L. R. A. 985; Helms v. Western Union Tel. Co., 143 N. C. 386, 55 S. E. Rep. 831, 118 Am. St. Rep. 811, 10 Ann. Cas. 643, 8 L. R. A. (N. S.) 249; Kirby v. Western Union Tel. Co., 77 S. C. 404, 58 S. E. Rep. 10, 122 Am. St. Rep. 580; Western Union Tel. Co. v. Luck, 91 Tex. 178, 41 S. W. Rep. 469, 66 Am. St. Rep. 869; Western Union Tel. Co., v. Carter, 85 Tex. 580, 22 S. W. Rep. 961, 34 Am. St. Rep. 826; Seifert v. Western Union Tel. Co., 129 Ga. 181, 58 S. E. Rep. 699, 121 Amer. St. Rep. 210; Western Union Tel. Co., v. Pierce, 82 Miss. 487, 34 South. Rep. 152.

In Hildreth v. Western Union Tel. Co., *supra*, this Court said: "In an action for damages for injury of any character caused by the negligence of a telegraph company in the transmission or delivery of messages properly delivered to it for transmission and delivery, the plaintiff should show that the telegraph company, either from the character of the message or from information imparted to its agent, had such notice as that the injurious consequences should have been contemplated as natural, probable results of the negligence complained of and that such injurious consequences resulted proximately from such negligence." It is not essential that the particular injury sustained was contemplated, but the company is liable if the injury sustained should have been contemplated as a probable and proximate result of its negligence. Western Union Tel. Co., v. Merritt, 55 Fla. 462, 46 South. Rep. 1024; Williams v. Western Union Tel. Co., 136 N. C. 82, 48 S. E. Rep. 559, 1 Am. & Eng. Ann. Cas. 359; Kernodle v. Western Union Tel. Co., 141 N. C. 436, 54 S. E. Rep. 423, 8 Am. & Eng. Ann. Cas. 469; Higdon v. Western Union Tel. Co., 132 N. C. 726, 44 S. E. Rep. 558; Smith v. Western Union Tel. Co., 72 S. C. 116, 51 S. E. Rep. 537; Thurman v. Western Union Tel. Co., 127 Ky. 137,

105 S. W. Rep. 157, 32 Ky. L. Rep. 31, 14 L. R. A. (N. S.) 499; Seifert v. Western Union Tel. Co., 129 Ga. 181, 58 S. E. Rep. 699, 121 Am. St. Rep. 210; Laundry v. Western Union Tel. Co., 102 Tex. 67, 113 S. W. Rep. 10.

If the language of the undelivered telegram was sufficient to put the defendant upon notice that the damages alleged would proably and proximately result from its negligent failure to promptly transmit and deliver the telegram, and the proof shows damages in the amount of the judgment that were the natural and proximate result of such negligence, the judgment should be affirmed. But if the allegations and proof include other than recoverable elements of damage, the judgment must be reversed. In view of the contents of the telegram the plaintiff is only entitled under the statute to recover damages "for mental anguish, distress or feeling, physical and mental pains and suffering" caused by having to travel, with others impliedly with her, at night on a day coach instead of a pullman car, such mode of travel being a proximate result of the defendant's "negligent failure to promptly deliver" the telegram. And although the contents of the telegram may be sufficient to have put the defendant company upon notice that the sendee plaintiff would, by reason of defendant's negligence in the prompt transmission and delivery of the telegram, travel from Fort Pierce to Jacksonville in the night time on a day coach rather than on a pullman car and be likely to suffer damages as a probable and proximate result of such travel, its contents are not such as to have put the defendant company upon notice that other elements of damage alleged to have been sustained, and in support of which proof was offered, would naturally and proximately result from such alleged negligence. The pleadings should be so recast as to limit the issues to recoverable elements of damage as herein announced.

The judgment is reversed for further proceedings in accordance with opinion.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.