WESTERN UNION TELEGRAPH COMPANY, A CORPORATION, *Plaintiff in Error*, v. MYRTLE H. TAYLOR, WITH WHOM IS JOINED C. F. TAYLOR, HER HUSBAND, *Defendants in Error*.

Division B.

Opinion Filed November 1, 1927.

842

*Myers & Myers,* Attorneys for Plaintiff in Error;

*Davis & Pepper,* Attorneys for Defendant in Error.

TERRELL, J.—Defendant in error, Myrtle H. Taylor, recovered a judgment for $500 against plaintiff in error, Western Union Telegraph Company for negligently failing to deliver a telegraph message placed in its hands at Perry, Florida, July 27, 1921, by her husband, C. F. Taylor, for transmission to her at Fort Pierce, Florida. Motion for new trial was denied and writ of error taken from the judgment. This is the second appearance of this case here. (See Western Union Telegraph Company v. Taylor, 87 Fla. 398, 100 So. 163.)

The judgment here brought in question was recovered pursuant to Sec. 4388, Revised General Statutes of Florida, 1920, which makes any person, firm, or corporation liable in damages "for mental anguish, distress, or feeling, physical and mental pains and suffering resulting from the negligent failure to promptly transmit or promptly deliver such telegram, or because of the negligent failure to correctly transmit and deliver such telegram."

The declaration among other things alleges that C. F. Taylor, husband of Myrtle H. Taylor, was in Perry, Florida, on July 27, 1921, and delivered the following message to the plaintiff in error for transmission to the defendant in error at Fort Pierce, Florida (omitting the address and signature):

"Will be in Jacksonville and meet you all Saturday morning. You leave there Friday night. Have Fred secure

sleeper for you all. Get ten dollars from your mother for sleeper. I will mail back to her.''

It is further alleged that previous to July 27, C. F. Taylor had written to Myrtle H. Taylor advising her that he would wire her as to the time and manner of her traveling from Fort Pierce, Florida (where she was visiting) to her home at Perry, Florida, via Jacksonville, that the said C. F. Taylor paid the usual toll for the transmission and delivery of said telegraph message, but that the said Western Union Telegraph Company carelessly, negligently, and without regard to its duty, failed to transmit and deliver the said message to the said Myrtle H. Taylor by reason whereof the said Myrtle H. Taylor suffered mental anguish, distress and feeling, and physical and mental pain and suffering, in that because of not having received the said telegram, the said Myrtle H. Taylor did not know what to do in regard to taking the trip from Fort Pierce to Jacksonville and thence to Perry, Florida, and the said Myrtle H. Taylor, not knowing what to do in regard to said trip, on Friday the 29th of July, 1921, left Fort Pierce for Perry, Florida, accompanied by her children; that because of not having received the said telegram the said Myrtle H. Taylor did not secure a birth and ride on a sleeper from Fort Pierce to Jacksonville, but rode in a day coach in the night time with her children; that the ''Fred'' referred to in the body of the said telegram is Fred Faulkner, the brother of the said Myrtle H. Taylor; that the said Myrtle H. Taylor could have gotten the ten dollars referred to in the said telegram, from her mother, Mrs. Faulkner at Fort Pierce, Florida, if she had known that it would be all right with her husband, but that because of the fact that she had not received any message or telegram from him, the said Myrtle H. Taylor did not know what course to pursue with reference to getting the

money and taking the sleeper and making the trip home as aforesaid; that the mental anguish, distress and feeling, and physical and mental pain and suffering caused by the negligent failure to deliver the telegram as aforesaid, and riding in the day coach in the night time made and caused the said Myrtle H. Taylor to become sick and enfeebled, and to suffer mental and physical pain and suffering, and anguish, distress, and feeling, and to remain sick and enfeebled thereby and because of said trip in the day coach in the night time, for a long period of time, to-wit: for several months, wherefore plaintiff sues and claims ($2500) twenty-five hundred dollars damages.

The delivery and acceptance of the telegram for transmission constituted a contract between the parties to this cause. The rule prescribed by Baron Alderson in Hadley v. Baxendale, 9 Exchequer Reports 341 for the recovery of damages where a contract is breached has been very generally approved in this country and is as follows: "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it."

This rule has been extended to action against telegraph companies for negligently transmitting or delivering telegraph messages. Western Union Telegraph Co. v. Hall 124 U. S. 444, 8 Sup. Ct. Rep. 577; Beaupre v. Pacific and Atlantic Telegraph Co. 21 Minn. 155; Candee v. Western Union Telegraph Co. 34 Wis. 471, 17 Am. Rep. 452; Landsberger v. Magnetic Telegraph Co. 32 Barb. 530; Cannon v.

Western Union Telegraph Co. 100 N. C. 300, 6 S. E. 731; Kennon v. Western Union Telegraph Co., 126 N. C. 232, 35 S. E. 468; Williams v. Western Union Telegraph Co. 136 N. C. 82, 48 S. E. 559; Mackay v. Western Union Telegraph Co. 16 Nev. 222; Frazer v. Western Union Telegraph Co. 84 Ala. 487, 4 So. 831; Balwin v. United States Telegraph Co. 45 N. Y. 744, 6 Am. Rep. 165; United States Telegraph Co. v. Gildersleve 29 Md. 232, 96 Am. Dec. 519; Barnes v. Western Union Telegraph Co. 27 Nev. 438, 76 Pac. 931, 103 Am. St. Rep. 776.

Prior to the enactment of Sec. 4388, Revised General Statutes of Florida, mental anguish resulting from the negligent transmission or delivery of a telegraph message was not an element of damage for which recovery could be had. Western Union Telegraph Co. v. Taylor *supra*. Telegraph companies were, however as at common law, liable for such damages as naturally and proximately flow or result from their negligent failure to transmit and deliver any message placed in their hands for transmission. Western Union Telegraph Co. v. Taylor, *supra,* and cases there cited.

This Court has repeatedly approved the doctrine announced in Hadley v. Baxendale, in Western Union Telegraph Co. v. Taylor, *supra,* speaking through Mr. Justice WEST, we said:

The statute, (Section 4388, Revised General Statutes of of Florida), imposes liability for ''mental anguish, distress or feeling, physical and mental pains and suffering resulting from the negligent failure to promptly transmit or promptly deliver'' telegrams received by a telegraph company for transmission and delivery. It enlarges and extends the scope of liability to cases of this kind. But in order for a plaintiff to recover for mental anguish, the damage alleged and proved must or should have been con-

templated as a probable and proximate result of defendant's negligence, and there can be no recovery on this ground unless the telegraph company had notice, or was put upon inquiry from the language of the telegram or otherwise, that by reason of its negligence or default in the prompt transmission and delivery of the telegram such damages would be likely to result.

Western Union Telegraph Co. v. Merritt et al., 55 Fla. 462, 46 So. Rep. 1024; Hildreth v. Western Union Telegraph Co. 56 Fla. 387, 47 So. 820; Western Union Telegraph Co. v. Milton 53 Fla. 484, 43 So. 495.

To be the probable or proximate cause of any injury the negligence must be such that a person of ordinary prudence and caution would have foreseen that some injury would likely result therefrom though it may not be the specific injury complained of. Whether negligence is the proximate cause of an injury is a question of fact for the jury to determine. Western Union Telegraph Co. v. Crawford 29 Okla. 143, 116 Pac. 925.

It is not essential that the message disclose all the details of the transaction to which it relates, nor the particular business intended. The rule in Hadley v. Baxendale does not require that the parties must have contemplated the actual damages which are to be allowed, but such as may reasonably be supposed to have been contemplated. It is not essential that the particular loss or injury sustained was contemplated but the company is liable if the loss sustained should have been contemplated as a probable and proximate result of its negligence. Western Union Telegraph Co. v. Merritt et al., 55 Fla. 462, 46 So. Rep. 1024, 127 Am. St. Rep. 169; Western Union Telegraph Co. v. Taylor *supra;* Western Union Telegraph Co· v. Crawford, *supra;* Hendershott v. Western Union Telegraph Co. 106 Iowa 529, 76 N. W. 828.

To support the allegations of the declaration no testimony was offered except that of defendants in error, C. F. Taylor and Myrtle H. Taylor. The testimony of C. F. Taylor proved nothing except the delivery of the telegram to the defendant company and payment of the toll for its transmission. Myrtle H. Taylor testified that the mosquitoes were simply awful and that she suffered mental anguish, distress and feeling, and physical and mental pain and suffering on account of having to ride in the day coach in the night time from Fort Pierce to Jacksonville. Her testimony was uncorroborated and there is no testimony whatever supporting any other allegation in the declaration.

There was nothing in the character or contents of the message nor does the record disclose any facts within the knowledge of the company at the time of its delivery or any information given the company by Mr. Taylor when he delivered the message to the company or at any other time that would put it on notice as to the probable or proximate damage from the mosquitoes or their annoying propensity. It is further not alleged or proven that the mosquitoes would have been any less numerous or annoying in the Pullman than they were in the day coach. All testimony pertaining to the mosquitoes was therefore prejudicial and irrelevant and should have been excluded.

All other testmony relates to mental anguish, distress and feeling, and physical and mental pain and suffering incident to riding in the day coach in the night time from Fort Pierce to Jacksonville. After thorough examination of the whole record we think the plaintiff below failed completely to make a case on this point under our mental anguish statute. (Sec. 4388, R. G. S. of Fla.) The statute does not contemplate damages for feigned or affected mental anguish or mental pain caused by mere imaginary or

fancied conditions or situations. Unless it be a case in which some damage may be presumed facts must be alleged and proven to warrant recovery. It cannot rest on delusion, fancy, or imagination. Western Union Telegraph Co. v. Castler 90 Ark. 268, 119 S. W. 285. In some jurisdictions it is restricted to or allowed only for a non-delivery of telegraphic messages relating to sickness and death of close relations. Western Union Telegraph Co. v. Westmoreland 151 Ala. 319, 44 So. 382.

Mental anguish, distress or feeling has reference to a high degree of mental suffering. It is synonymous with mental agony, pang, torture, or torment, and may result from physical injury or any other cause which is the proximate result of failure on the part of a telegraph company to promptly and accurately transmit and deliver a telegraph message. Geroch v. Western Union Telegraph Co. 147 N. C. 1, 60 S· E. 637, 646; Hancock v. Western Union Telegraph Co. 137 N. C. 497, 49 S. E. Rep. 952, 69 L. R. A. 403; McGlone v. Hauger 56 Ind. App. 243, 104 N. E. Rep. 116; Johnson v. Western Union Telegraph Co. 81 S. C. 235, 62 S. E. 244, 40 C. J. 633.

The declaration alleges that C. F. Taylor wrote his wife, Myrtle H. Taylor that he would wire her as to the time and manner of her leaving Fort Pierce for her home at Perry but there is no indication as to the time this letter was written or when the said telegram would be sent. The telegram was placed in the hands of defendant telegraph company July 27, 1921, but was never delivered to Mrs. Taylor though the record seems to indicate that she left Fort Pierce on the train or at the time indicated in said telegram. It is also alleged and contended by appellee that if she had received said telegram she would have gotten the ten dollars from her mother and would have traveled from Fort Pierce to Jacksonville on the Pullman

instead of the day coach by reason of which she would not have been subjected to suffer mental anguish, distress, and physical and mental pain and suffering.

For all the record shows the mere fact that Mrs. Taylor rode on a day coach in the night time from Fort Pierce to Jacksonville caused her to suffer mental anguish, distress or feeling, and physical and mental pain and suffering. Not a solitary fact or circumstance is alleged or proven on which injury or damage could be predicated for traveling in this manner. It is not shown or contended that the car in which she rode was in bad condition or that she did not have ample space for herself and children. No time is indicated when the telegram might be expected by her nor is it shown that she might not have taken a day trip as well as a night one.

It is sometimes true that "facts can be best expressed by the damage they cause" but there is a dearth of basis in the record for the application of this doctrine here. The contents of the telegram was sufficient to put the telegraph company on notice that if not delivered Mrs. Taylor would likely make the trip from Fort Pierce to Jacksonville on the day car in the night but if damages are to be claimed on this ground facts must be alleged and proven on which such damages can be predicated. The mere fact of riding on the day car in the night time is insufficient. This is not a case in which damages may be presumed, they must be shown. Jones on Telegraph and Telephone Compaines, Sections 601 and 605 to 608. The contents of the telegram is not sufficient to show that Mrs. Taylor was of such a temperamental condition that riding on the day car in the night time would cause her mental anguish, distress and feeling, or physical and mental pain and suffering, nor was the telegraph company

put on notice of any such fact at the time it was delivered to it for transmission.

For the reasons announced in this opinion the judgement below is reversed and a new trial awarded.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.