or defend against it; but such right under the Code is given only to the husband, wife, heirs, devisees, and persons claiming under them. Code Civ. Proc. §§ 2749–2801. Although creditors may also be parties, it is only for the purpose of presenting and proving their debts and contesting other claims. Without referring in detail to all the provisions of the Code of Civil Procedure which sustain these conclusions, it is necessary only to mention specifically section 2755, which relates to the hearing, and shows that, while a creditor "may present and prove his debt or lien, and thus make himself a party to the special proceeding," this is the extent of his rights; and from what follows in the same section it will be seen that it is only the persons named, other than creditors, who can interpose an answer and file objections for the purpose of contesting the necessity of the proceedings or of making a defense to them. An examination of the cases relied upon by the respondent are not authority for the contrary view, and the surrogate having, therefore, been without power to grant the leave to file answer and objections, so much of the order as attempts to confer such right cannot stand.

The appeal being from that part of the order, the order must, in the respects mentioned, be reversed, with $10 costs and disbursements, and to the extent that the creditor asks leave to file answer or objections his application should be denied. All concur.

---

(66 App. Div. 605.)

### BRAUER v. OCEANIC STEAM NAV. CO., Limited.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. BREACH OF CONTRACT—CONFLICTING EVIDENCE—QUESTION FOR JURY.

Where a cattle shipper sued for breach of a contract to lease him cattle space on defendant's line of ocean steamers, and the evidence that plaintiff informed defendant that he had a contract for commissions on the purchase and sale of stock intended to be shipped, and was not shipping as owner, was conflicting, the question was for the jury.

2. SAME—DAMAGES—COMMISSIONS—INSTRUCTIONS.

Where a cattle shipper sued for breach of contract to lease him cattle space on defendant's line of ocean steamers, and the evidence was conflicting as to defendant's knowledge that plaintiff was shipping under a contract for commissions, and not on his own account, defendant was entitled to an instruction that, "if plaintiff did not inform defendant * * * that he had a contract for commissions on cattle which he was to purchase for shipment" at specified dates, "he cannot recover any loss upon such commission."

Appeal from trial term, New York county.

Action by William W. Brauer against the Oceanic Steam Navigation Company, Limited. From an order of the supreme court granting defendant a new trial (69 N. Y. Supp. 465), and from so much of said order as requires defendant to pay plaintiff's costs as a condition precedent to a new trial, plaintiff and defendant, respectively, appeal. Modified and affirmed.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. E. Warren, for plaintiff.
Everett P. Wheeler, for defendant.

LAUGHLIN, J. The action is brought to recover damages for breach of a contract to let the cattle space in certain steamships for the purpose of transporting cattle from New York to Liverpool from the 1st day of December, 1897, until the 30th day of November, 1898, upon terms and for a consideration agreed upon by the parties. Part of the damages claimed under the complaint, and concerning which evidence was offered by the plaintiff, was for loss of commissions for buying cattle in this country, to the extent of the capacity of the defendant's boats for the period specified, and for selling the same in England. Under the evidence introduced upon the trial, the question as to whether plaintiff informed defendant prior to its alleged breach of the agreement that he had a contract for commissions on the purchase and sale of the stock intended to be shipped depended upon conflicting testimony, and was for the jury.

The record shows that, after the denial of the defendant's motion for a dismissal of the complaint at the close of all the evidence, the plaintiff submitted to the court 6 written requests to charge, and the defendant submitted 11. The tenth request submitted by defendant is as follows:

"That if the plaintiff did not inform defendant on or prior to the 5th of November that he had a contract for commissions upon the cattle which he was to purchase for shipment under the terms contained in the telegrams dated October 25, 26, and 27, 1897, he cannot recover any loss upon such commission."

In the charge which followed, the court made no reference to this request, and gave the jury no instructions upon the question to which it was directed. At the conclusion of the main body of the charge the record shows that the court said that at the request of plaintiff two propositions there stated were charged, and these were, substantially, plaintiff's first and second requests. The record shows that the court then said that, at the request of defendant, certain propositions there stated were also charged, and these were, in effect, the first, second, sixth, and eighth requests made by defendant. The propositions thus charged at the request of plaintiff and at the request of defendant did not cover the subject-matter of defendant's tenth request, herein quoted. Thereupon it appears by the record that defendant's counsel asked whether the court refused to charge his other requests, to which the court replied, "The third and fourth." Whereupon defendant's counsel said:

"I except to the refusal of the court to charge the third request, the fourth request, the fifth request, the seventh request, the ninth request, the tenth request, and the eleventh request."

As has been seen, the court did not charge the requests to which these exceptions relate. The fair inference from the silence of the court is that the court did not intend to charge the other requests. It would seem that the court was proceeding to specify in their order the requests made by defendant's counsel which had not been

charged, when defendant's counsel interrupted, and excepted to the refusal of the court to charge the requests not specifically charged. The defendant, according to the evidence introduced in its behalf,. understood that plaintiff was dealing in stock on his own account, and not as a commission agent. If the jury believed this evidence, they would not have been justified in awarding as damages commissions for the purchase and sale of the stock, for it could not be said that such commissions constituted profits that were fairly within the contemplation of the parties. To authorize a recovery, therefore, it was necessary to bring home to defendant knowledge that the shipping agreement was made with reference to such collateral contract for commissions. Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58; Booth v. Rolling Mill Co., 60 N. Y. 487; Swain v. Schieffelin, 134 N. Y. 471, 31 N. E. 1025, 18 L. R. A. 385; Hadley v. Baxendale, 9 Exch. 341. It thus appears that defendant's tenth request should have been charged, and this error entitled defendant to a new trial.

It follows, therefore, that defendant was entitled to a new trial,. as matter of right, for legal error, and in such case payment of costs of the action should not have been imposed as a condition of granting the new trial. The order should be modified by striking out the provision thereof requiring defendant to pay the costs, and. as thus modified affirmed, with $10 costs and disbursements to respondent to abide the event. All concur.