CHARLES L. MEYER, Respondent, *v.* HUDSON TRUST COMPANY, Appellant.

First Department, December 31, 1917.

Bills and notes — action to recover damages because of refusal of bank to honor check — evidence showing right to nominal damages only — proof necessary to sustain verdict for substantial damages — new trial.

Action to recover damages for a refusal of the defendant bank to honor a check drawn upon it by the plaintiff who was a depositor. Evidence examined, and *held,* that the plaintiff is entitled to recover at least nominal damages.

But the plaintiff cannot base a right to substantial damages upon mere proof that the check was drawn in favor of a person who manufactured an invention of the plaintiff's and the dishonor of the check incensed the payee to a degree where he refused to proceed with the manufacture unless he were paid in advance, etc., where it does not appear that the

defendant had knowledge of the plaintiff's contract with the payee, or could have foreseen that its refusal to pay the check would lead to an abrogation of the contract, as such result was not within the contemplation of the parties.

Although the judgment rendered on a verdict for substantial damages is reversed, a new trial will be granted, with costs to abide the event, as the plaintiff may be able to show facts on a new trial entitling him to substantial damages.

APPEAL by the defendant, Hudson Trust Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of April, 1917, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 2d day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

*Victor E. Whitlock* of counsel [*Holm, Whitlock & Scarff*, attorneys], for the appellant.

*James R. Speers* of counsel [*Jeremiah A. O'Leary*, attorney], for the respondent.

SCOTT, J.:

The plaintiff has recovered a substantial sum as damages for defendant's refusal to honor a check drawn upon it by him. At the trial there was a sharp conflict as to whether or not the plaintiff had a sufficient amount on deposit to meet the check when it was presented. That question was decided by the jury in plaintiff's favor, and the defendant, accepting for the purposes of this appeal the finding of the jury on that subject, complains now only of the amount of the recovery, insisting that the plaintiff is entitled at the most to only nominal damages. There is no evidence in the case that the defendant's refusal to honor the check was induced by malice or any other wrongful intent, and the court expressly so charged without objection or exception on the part of plaintiff. The action must, therefore, be considered as one for damages for the breach of defendant's contract with plaintiff.

The measure of damages in such a case is not doubtful and is not different from the general rule applicable to all cases of a breach of contract unaccompanied by malice or

wrongful intent. In *Brooke* v. *Tradesmen's Nat. Bank* (69 Hun, 204) the court said: " It is undoubtedly the rule that the refusal to pay a check upon presentation gives the drawer a right of action in case he has funds in the bank to meet the check, and the refusal to pay was without authority, and that the measure of damages will be the amount of actual loss the party has sustained, and that damages which may fairly and reasonably be considered as naturally arising from the breach of contract according to the usual course of things are always recoverable." In *Landsberger* v. *Magnetic Telegraph Co.* (32 Barb. 530, quoting from *Griffin* v. *Colver*, 16 N. Y. 489) the court said: " 'The broad, general rule in such cases is, that the party injured is entitled to recover all his damages, including gains prevented as well as losses sustained; and this rule is subject to but two conditions. The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract; that is, must be such as might naturally be expected to follow its violation. And they must be certain both in their nature and in respect to the cause from which they proceed.' * * * The defendants were not informed of any special use intended to be made of this sum of money; and what damage might they naturally expect to follow from the delay in the receipt of it? Clearly, the loss of the use of that sum during the time that its receipt was delayed, and the damages for the loss of such use are, by the laws of New York, determined to be the interest on the money for the period of the delay, at seven per cent per annum."

Very many cases might be cited to the same effect. The general rule upon the subject was well summarized in *Central Trust Co.* v. *Clark* (92 Fed. Rep. 293, 297), as follows: "From the considerations which move the reason, and from the American and English authorities upon this subject, the following general rules may be deduced, which are equally applicable to the measurement of damages based upon the loss of profits and to the measurement of damages founded upon other losses:

" (1) Those damages which are the natural and probable result of a breach of a contract, those which the parties may reasonably anticipate as the effect of the breach under the

particular circumstances of the case which are known to them when the contract is made, and those only, may be recovered in action upon a contract.   *   *   *

" (2) In the absence of proof aliunde of knowledge by the defaulting party at the time the contract is made of special circumstances which make other damages the natural and probable effect of a breach, such damages only as are implied by the contract itself, such as would naturally flow from its breach in the usual course of things, such as would reasonably be anticipated by the parties to such contracts in the great multitude of such cases, and such damages only, may be recovered.   *   *   *

" (3) Proof of knowledge by the defaulting party, at the time he makes the contract, of special circumstances which make damages other than those implied by the contract, and naturally flowing from it, the natural and probable effect of its breach, will warrant the recovery thereof.

" (4) Damages which are the natural and probable result of a breach of a contract, and which may be reasonably anticipated therefrom, but which are so speculative and so dependent upon numerous and changing contingencies that their amount is not susceptible of proof with any reasonable degree of certainty, may not be recovered."

In the present case the plaintiff showed that he had for some months kept a small checking account with defendant; that on March 13, 1914, he had drawn a check on defendant to the order of one S. Harry Groth; that the check when presented was dishonored on the ground that it was drawn against uncollected items, for which reason the defendant was without sufficient funds belonging to plaintiff to pay the check. As has been said, that ground of refusal is now conceded to have been erroneous. The plaintiff, therefore, on the case as presented, was entitled to at least nominal damages. The question we have to consider is whether or not he is entitled to substantial damages. He testified that he was the inventor and patentee of an article called a " rotary chopper," which is not definitely described, but which was placed on sale with department stores at about fifty cents apiece. He employed a traveling salesman and demonstrator. Having no facilities for manufacturing himself, he

made a verbal contract with a man named Groth in Philadelphia to manufacture the choppers at the cost of ten cents for each chopper, plaintiff furnishing the steel and dies and patterns. The check which defendant refused to honor was drawn in favor of Groth and was given in payment for 1,000 choppers which Groth had manufactured. Groth was so incensed at the dishonor of the check that he refused to proceed with the manufacture of the choppers unless he was paid in advance for each lot of 1,000 which he was to turn out. Plaintiff, being either unable or unwilling to make payment in advance, sought another manufacturer, and before he was able to find one with whom he could make satisfactory arrangements the war broke out and seriously interfered with the market for choppers. In the meantime Groth had refused to give up the dies and patterns which had been left with him and were plaintiff's property, and the latter was obliged to retain a lawyer and take legal proceedings in order to regain them at a cost of some $400. He estimates that if the check had been paid Groth would not have refused to go on with the contract and would have continued to manufacture the choppers in large numbers, and that very many of them would have been sold whereby plaintiff would have realized large profits. No direct and immediate damage is shown as having resulted from the dishonor of the check and no damage at all except as above recited.

It seems to be quite plain that defendant cannot be held liable for substantial damages upon this state of facts. It knew nothing whatever about plaintiff's contract with Groth, and could not possibly have foreseen that its refusal to pay the check would have led Groth to abandon the contract of which it had no knowledge, or that Groth would refuse to give up the dies and patterns, or that the war would break out and spoil the market for the choppers. The damages sought to be recovered were remote, contingent and to a large extent speculative. As was said by the Court of Appeals in *Rochester Lantern Co.* v. *Stiles & Parker Press Co.* (135 N. Y. 209, 217): "The damages must flow directly and naturally from the breach of the contract, and they must be certain, both in their nature and in respect of the cause from which they proceeded. Under this latter rule speculative, contingent

and remote damages which cannot be directly traced to the breach complained of are excluded. Under the former rule such damages only are allowed as the parties may fairly be supposed when they made the contract to have contemplated as naturally following its violation."

The circumstance that defendant had no knowledge of plaintiff's contract with Groth and, therefore, could not have foreseen that the refusal to pay the check would lead to an abrogation of that contract is of great importance, for any loss arising from that source cannot fairly be supposed to have entered into the contemplation of the parties when they made the contract for the breach of which this action is brought. To authorize a recovery for such damages it was necessary to bring home to defendant knowledge of the contract with Groth and the dependence of plaintiff's contract with Groth upon defendant's fulfillment of its contract with plaintiff. (*Brauer* v. *Oceanic Steam Nav. Co.*, 66 App. Div. 605, 607.) Upon the case as made, therefore, the plaintiff failed to show that he was entitled to more than nominal damages, and we do not ordinarily grant a new trial merely to permit of the recovery of such damages. In the present case, however, the plaintiff may be able to show on a new trial facts entitling him to substantial damages; and the judgment and order appealed from will, therefore, be reversed and a new trial granted, with costs to he appellant to abide the event, the finding of the jury that the plaintiff is entitled to substantial damages, on the record before us, being reversed.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.